714 So.2d 761 (1998)
Mary TUMBS
v.
WEMCO, INC. and Enorma Dorsey.
No. 97-CA-2437.
Court of Appeal of Louisiana, Fourth Circuit.
April 22, 1998.
Rehearing Denied May 29, 1998.
*762 Harry D. Hoskins, III, Hoskins & Hoskins, L.C., New Orleans, Frank B. Hayne, III, Victor Farrugia, New Orleans, for Appellant.
Thomas P. Hubert, Walter W. Christy, New Orleans, for Appellees.
Before SCHOTT, C.J., and BYRNES and MURRAY, JJ.
BYRNES, Judge.
Plaintiff, Mary Tumbs appeals a judgment rendered after a jury trial on the merits dismissing her claim for emotional and physical distress arising out of negligent and intentional infliction of emotional distress or harassment. We affirm.
The defendants were Tumbs' employer, Wemco, Inc., and her supervisor, Enorma Dorsey. The trial court refused to allow the plaintiff to present her claim for negligent infliction of emotional distress to the jury. The only claim for the infliction of emotional distress which Tumbs was permitted to present to the jury was one for the intentional infliction of emotional distress. The jury found in favor of the defendants and judgment was rendered dismissing plaintiff's claims.
In her motion and order for devolutive appeal, plaintiff sought to appeal "the October 28th, 1996 ruling in chambers by the Court dismissing plaintiff's claim for negligent inflection of emotional distress and the November 7, 1996 jury verdict dismissing plaintiff's suit." However, in her brief the plaintiff-appellant asserts only one assignment of errorthe action of the trial court in refusing to consider the plaintiff's claim for negligent infliction of emotional distress.[1] The plaintiff does not assign as error the adverse finding of the jury in connection with her claim for the intentional infliction of emotional distress. Nor does the plaintiff directly or by implication brief any issues that would raise the question of the intentional infliction of emotional distress. Accordingly, we find that the plaintiff has abandoned the issue of the intentional infliction of emotional distress. Uniform RulesCourts of Appeal, Rule 2-12.4. Therefore, for purposes of this appeal the jury verdict which concerned only the intentional infliction of emotional distress will not be reviewed. This appeal will be limited to a review of the propriety of the trial court's ruling prohibiting consideration of the plaintiff's claim for negligent infliction of emotional distress. In connection with her contention that the trial court erred in refusing to permit her to assert her claim for the negligent infliction of emotional distress the plaintiff raises three issues which we will consider seriatim.

I. Is the negligence claim barred by workmen's compensation?
This first issue raised by plaintiff raises a question of law. It is undisputed that the claims asserted by the plaintiff against both her employer and her supervisor arise in the course and scope of her employment. Because it is undisputed that all of the actions complained of by plaintiff occurred in the course and scope of her employment and are negligence based, a detailed elaboration of the facts is not necessary to determine whether plaintiff's claim comes under the Worker's Compensation *763 law. Basically plaintiff contends that the criticism of her work was unduly harsh and humiliating and that she was given work assignments that made her nervous and frightened. Much of what plaintiff alleged could be characterized as intentional had it been proven, but the plaintiff has abandoned the question of intentionality. Thus the only issue is whether plaintiff's negligence claims are barred by the exclusive remedy rule of the Worker's Compensation law. LSA-R.S. 23:1032.
The trial court ruled that to the extent that plaintiff's claims sound in negligence they are barred by Worker's Compensation exclusive remedy rule. We agree.
Plaintiff contends that because she was denied worker's compensation benefits for her alleged injuries, the exclusive remedy rule of the Worker's Compensation law (LSA-R.S. 23:1032) should not apply to her negligence claim, citing Lawson v. Strauss, 95-2518 (La.App. 4 Cir. 10/2/96); 684 So.2d 959, writ denied 97-0399 (La.5/1/97); 693 So.2d 744, and writ denied 97-0421 (La.5/1/97); 693 So.2d 745. Lawson does not stand for the proposition for which it is asserted by the plaintiff. In Lawson this Court made the point that the exclusive remedy rule of the Worker's Compensation law only applies to negligence claims arising within the course and scope of employment. Lawson does not stand for the proposition that where a claimant fails to meet the standard of proof required by the Worker's Compensation statute, that the rejection of the compensation claim on that basis takes a negligence claim out of the ambit of the exclusive remedy rule. In Lawson this Court overturned a summary judgment dismissing plaintiff's claim because:
The deposition testimony shows that there were a number of alleged wrongful acts of grabbing, verbal harassment, unwanted sexual advances, etc. that took place in bars, restaurants, the home of the plaintiff and in telephone calls from Dr. Straus' home to the homes of the plaintiffs. There are certainly genuine issues of material fact as to whether these incidents outside of the workplace, during non-business hours, fall within the scope of the workman's compensation statute. [Emphasis added.]
Lawson, at p. 962.
What kept the plaintiff's claim alive in Lawson was not the fact that negligent harassment is not covered by the exclusive remedy rule, but the potential that the acts complained of by the claimant in Lawson did not occur in the course and scope of that claimant's employment, and for that reason are not covered by the provisions of the Worker's Compensation law and its exclusive remedy rule. In the instant case the harassment complained of by plaintiff occurred exclusively within the course and scope of her employment.
In oral argument plaintiff chose to place greatest emphasis on the recent decision in Smith v. Ouachita Parish School Bd., 29,873 (La.App. 2 Cir. 9/24/97); 702 So.2d 727, writ denied 97-2721 (La.1/16/98) 706 So.2d 978. That reliance is misplaced. The claim in Smith arose under the Tenured Teacher Law, LSA-R.S. 17:444B(1). There were no Worker's Compensation issues before the court in Smith. Smith has no relevance to the instant case.
Plaintiff contends that because the harassment of which she complains was chronic, it is not compensable under the Worker's Compensation statute which requires that employment related mental distress requires proof of a "sudden, unexpected, and extraordinary stress related to the employment...,"[2] citing Bass v. Farmer & Cheatham, 94-1281 (La.App. 1 Cir. 6/30/95); 658 So.2d 324, 327, writ denied 664 So.2d 423. It is undisputed that the plaintiff's compensation claim was in fact dismissed. From this the plaintiff argues that the exclusive remedy rule does not apply. We disagree. Bass does not say that where the plaintiff fails in her burden of proof under LSA-R.S. 23:1021(7)(b), or where the plaintiff's mental injury arises out of chronic stress rather than acute stress that it means that the plaintiff's claim falls outside of the ambit of the Worker's *764 Compensation statute and the exclusive remedy rule.
The parties cannot agree on why the plaintiff's compensation claim was dismissed. However, even if we concede for purposes of argument that plaintiff's compensation claim was dismissed as contended by the plaintiff for the reason that the alleged negligent harassment was chronic rather than "sudden, unexpected, and extraordinary stress," plaintiff is still subject to the exclusive remedy rule. The Worker's Compensation law requirement that the mental distress be related to "sudden, unexpected and extraordinary stress" was not imposed with the intention of creating an exception to the exclusive remedy rule for chronic stress occurring over time. Rather the requirement was imposed as a standard of proof because of the elusive nature of claims for mental distress where not caused by physical trauma or a sudden definable event. Bass, supra, cited by the plaintiff, clearly shows that the purpose of LSA-R.S. 23:1021(7)(b) is to establish the plaintiff's burden of proof:
Furthermore, LSA-R.S.1021(7)(b) requires proof of "a sudden, unexpected, and extraordinary stress related to the employment... demonstrated by clear and convincing evidence.
Bass, at p. 327. Nothing in Bass suggests that a plaintiff who fails to meet the standard of proof set forth in LSA-R.S. 1021(7)(b) should be rewarded for the weakness of her case by being then permitted to pursue an otherwise prohibited claim in ordinary negligence.
As the Louisiana Supreme Court explained in Williams v. Regional Transit Authority, 546 So.2d 150, 158 (La.1989):
In view of the sometimes nebulous characteristics of mental injuries and the possibility of symptoms being feigned, utmost care should be exercised in determining whether the employee suffered such an injury and proved that the injury was causally related to his employment.
Thus, the law represents a public policy decision that without some sudden, definable event it would be too easy for employees to blame mental conditions that develop over a period of time on job related stress. LSA-R.S. 23:1021(7)(b) was never intended to create an exception to the exclusive remedy rule of the Worker's Compensation law for a certain class of negligence claims.
The gist of plaintiff's argument is that because she cannot meet the burden of proof required by the Worker's Compensation law in LSA-R.S. 23: 1021(7)(b) because the infliction of emotional distress upon her was chronic, she is, therefore, entitled to bring an ordinary negligence claim. Because the purpose of the compensation law is to make it easier for the claimant to collect on employment related claims than would be the case were the same claim brought in negligence (the trade-off being the exclusive remedy rule)[3], there is no merit to plaintiff's argument that the purpose of LSA-R.S. 23:1021(7)(b) was to permit her to prove a negligence claim when she failed to prove a compensation claim arising out of the same facts. The failure of the plaintiff to prove negligence would not be a bar to a compensation claim (although a separate recovery for negligence would be barred by the exclusive remedy rule), but the failure to meet the burden of proving that her emotional distress arose out of "sudden, unexpected, and extraordinary stress" as required by the compensation statute does not take the plaintiff out of the ambit of the exclusive remedy rule. Plaintiff's argument would mean that if the plaintiff failed to prove her compensation claim by "clear and convincing evidence" which is also a requirement of LSA-R.S. 23:1021(7)(b), it would then entitle her to bring a claim in ordinary negligence, i.e., she might be rewarded for having a weak case. Carried to its ultimate logical conclusion, plaintiff's position is equivalent to suggesting *765 that anytime a claimant's compensation claim is rejected for any reason, the exclusive remedy rule would not apply to claims arising in the course and scope of employment. Such a result would make a mockery of the exclusive remedy rule.
Moreover, the plaintiff's claim cannot exist, even in theory, outside of the employment context. Plaintiff's claim arises almost entirely out of allegations that her working conditions were unpleasant, nerve wracking, and that she was terrified by some of the machines with which she was asked to work with. Such complaints could only arise in a workplace context. The balance of plaintiff's complaints center on what she describes as being verbally ridiculed or humiliated, which could have theoretically occurred under non-employment related circumstances.[4] But even in a non-work related environment, plaintiffs allegations of verbal abuse, e.g., that the defendant's belittled the plaintiff in front of others and subjected the plaintiff to nasty language, would, if true, mean that the defendants at worst were guilty of poor taste and bad manners which are certainly not actionable outside of an employment context. Had the defendants been merely strangers or acquaintances of the plaintiff who had insulted her on the street, plaintiff undoubtedly would never have wasted her time bringing this suit, or if she had the trial court would never have allowed it to proceed to a trial on the merits. It is only because all of the acts complained of by the plaintiff arise out of her employment relationship with the defendant that this suit exists at all. Therefore, the applicability of the Worker's Compensation law, including the exclusive remedy rule is undeniable.

II. Where a plaintiff has physical symptoms along with mental illness caused by the defendant, can the plaintiff maintain a negligence claim for infliction of emotional distress?
This second question raised by plaintiff-appellant is too general. The answer to this question may be different depending on whether it is asked in an employment context or otherwise. If it is asked in an employment context the Worker's Compensation exclusive remedy rule, as discussed previously, would bar the negligence claim.

III. Can harassment be negligent?
Plaintiff-appellant asks this question apparently because the trial judge at one point made the statement:
I don't think you can negligently harass someone, because you have to do an affirmative act to do it. And I'm not going to allow you to [present such a claim to the jury.].
As a general theoretical proposition the trial judge might be in error. There are a number of cases recognizing a cause of action for the negligent infliction of emotional distress. However, the trial judge must be assumed to have been speaking in the employment context of this case, and there have been no cases recognizing a claim such as that advanced by the plaintiff in this case.
Even if we assume that the trial judge was in error in making this statement in the employment context of this case, it would be harmless error. Just prior to making the above quoted statement of which the plaintiff complains, the trial judge observed that the Worker's Compensation law prevented the plaintiff from bringing negligence claims, which is the overriding and ultimately dispositive consideration in this case. In other words, the issue is not whether harassment can occur negligently, but whether claims for negligent harassment, assuming for purposes of argument that such claims would be otherwise actionable, would be barred under the exclusive remedy rule of the Worker's Compensation law when such claims arise in the course and scope of employment as occurred in the instant case. We find that the negligence claim of the plaintiff is barred by the exclusive remedy rule, and that the plaintiff has failed to raise the issue of her intentional tort claim as part of this appeal.
*766 For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] The plaintiff notes that on the morning of trial the trial court granted the defendants' request to bar the plaintiff's negligence claim. The plaintiff applied to this Court for supervisory relief from that ruling which was denied. The plaintiff then applied to the Supreme Court for relief which was also denied.
[2] LSA-R.S. 23:1021(7)(b).
[3] The Worker's Compensation law is a fair exchange. On one hand the employer's liability exposure for unintentional acts is fixed in amount for personal injury by accident arising out of and in the course of employment. The employee's part of the bargain is that he or she is entitled to fixed benefits for personal injury under such conditions regardless of the employer's lack of fault.

Adams v. Time Saver Stores, Inc., 615 So.2d 460, 463 (La.App. 4 Cir.1993), writ denied 617 So.2d 910 (La.1993).
[4] However, in this case there is no dispute that the verbal abuse was performance criticism that occurred in the course and scope of plaintiff's employment.