808 So.2d 544 (2001)
Marcie RICHARDSON
v.
The HOME DEPOT USA and Madeline Joy Paul.
No. 2000 CA 0393.
Court of Appeal of Louisiana, First Circuit.
March 28, 2001.
*546 Jim F. Ledford, Baton Rouge, for Plaintiff/Appellant, Marcie Richardson.
Cornelius R. Heusel, Jennifer L. Anderson, New Orleans, for Defendants/Appellees, Home Depot, USA Inc. and Madeline Joy Paul.
Before: CARTER, C.J., FOIL, and WEIMER, JJ.
CARTER, Chief Judge.
Marcie Richardson appeals the dismissal of her lawsuit against defendants, The Home Depot USA (Home Depot) and Madeline Joy Paul. The trial court dismissed Ms. Richardson's lawsuit after determining her petition failed to state a cause of action.

FACTS
Home Depot employed Ms. Richardson since June 28, 1988, as a bookkeeper. The majority of the time, Ms. Richardson worked in the vault handling the financial paperwork for Home Depot's consumer transactions. According to Ms. Richardson's petition, three full-time employees staffed the vault until November 1996, when the number of vault employees was reduced to two. Ms. Richardson kept requesting that a third employee be replaced, and was repeatedly assured by her supervisor, Ms. Paul, that a third person would be hired to help. Despite these assurances, Ms. Richardson contends that the vault remained understaffed.
As a result of the reduced staff in the vault, Ms. Richardson alleges she was forced to perform expanded duties, and was constantly contacted by defendants on her vacation days and holidays with questions regarding vault procedures. Ms. Richardson alleges in August of 1997 she began to suffer headaches, elevated blood pressure, stress, and anxiety over her employment situation. Ms. Richardson continued to express to the Home Depot management the need for a third full-time employee in the vault. On or about September 6, 1998, Ms. Richardson began a medical leave of absence brought about by major depression, panic disorder, and persistent anxiety, which she alleges were directly related to stress from her job at Home Depot. As a result of these symptoms, Ms. Richardson was hospitalized in November 1998. Ms. Richardson was never able to return to work.
On August 20, 1999, Ms. Richardson filed suit against defendants seeking damages for her mental injuries. Ms. Richardson's petition alleges defendants were liable for negligent and/or intentional infliction of emotional distress. The defendants filed a peremptory exception raising the objection of no cause of action. Following a hearing on the matter, the trial court granted defendants' exception and dismissed Ms. Richardson's lawsuit. Ms. Richardson appeals.

DISCUSSION
The objection of no cause of action is properly raised by the peremptory exception. The exception of no cause of action questions whether the law extends a remedy to anyone under the factual allegations of the petition. The purpose of an exception pleading the objection of no cause of action is to determine the sufficiency in law of the petition. Byers v. Edmondson, 97-0831, p. 7 (La.App. 1st Cir.5/15/98), 712 So.2d 681, 686, writ denied, 98-1596 (La.10/9/98), 726 So.2d 29, cert. denied, 526 U.S. 1005, 119 S.Ct. 1143, 143 L.Ed.2d 210 (1999).
Generally, no evidence may be introduced to support or controvert the exception. However, there is a jurisprudentially recognized exception to this rule, *547 which allows the court to consider evidence that is admitted without objection to enlarge the pleadings. The exception is triable on the face of the pleadings, and, for purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. The court must determine if the law affords plaintiff a remedy under those facts. Byers, 712 So.2d at 686.
When the grounds of the peremptory exception raising the objection of no cause of action may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed. LSA-C.C.P. art. 934. If a petition fails to state a cause of action, but the grounds of the objection can be removed by amendment, the plaintiff should be allowed to amend his demand. However, where the grounds for the objection cannot be removed by amendment, the trial court is not required to allow the pleadings to be amended. The decision to allow amendment is within the sound discretion of the trial court. Byers, 712 So.2d at 686.
In resolving the issue of whether Ms. Richardson has stated a cause of action against the defendants, we must determine whether the exclusive remedy provision of the Workers' Compensation Act (the Act) prohibits Ms. Richardson's negligence claims and whether Ms. Richardson has made the necessary allegations to state a cause of action for intentional infliction of emotional distress.

Intentional Infliction of Emotional Distress
Intentional infliction of emotional distress was adopted as a viable cause of action in White v. Monsanto Company, 585 So.2d 1205 (La.1991).[1] One who by extreme and outrageous conduct intentionally causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm. White, 585 So.2d at 1209. In order to recover for intentional infliction of emotional distress, a plaintiff must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. White, 585 So.2d at 1209.
The supreme court pointed out that the conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. White, 585 So.2d at 1209. Mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities are not enough to trigger liability; rather, persons must necessarily be expected to be hardened to a certain amount of rough language, and to occasional acts that are inconsiderate and unkind. White, 585 So.2d at 1209.
In Walters v. Rubicon, Inc., 96-2294, pp. 5-6 (La.App. 1st Cir.12/29/97), 706 So.2d 503, 506, this court summarized some of the principles set forth in White:

*548 As noted in White, many intentional infliction of emotional distress cases arise in the employment setting where conduct which is otherwise inactionable can become actionable as `extreme and outrageous' when the offender is in a position of power and authority over the plaintiff. Thus, many of the cases involve circumstances arising in the workplace. White, 585 So.2d at 1209-1210. However, this proposition is balanced by the notion that the same conduct may be privileged under other employment circumstances so that `disciplinary action and conflict in a pressure-packed workplace environment, although calculated to cause some degree of mental anguish, is not ordinarily actionable.' White, 585 So.2d at 1210. Hence, workplace conduct amounting to a tort is usually `limited to cases involving a pattern of deliberate, repeated harassment over a period of time.' White, 585 So.2d at 1210.
In White, the supreme court held that the actor's conduct must be intended or calculated to cause severe emotional distress and not just some lesser degree of fright, humiliation, embarrassment, worry or the like. White, 585 So.2d at 1210. In the present case, Ms. Richardson has alleged facts that indicate she worked in Home Depot's vault, which was understaffed for the two years preceding her medical leave of absence. As a result of the lack of proper staffing, Ms. Richardson alleges she was forced to perform expanded duties, including training personnel for the vault, who were never assigned to work in the vault full-time. Ms. Richardson alleges she requested the three-member vault team be restored and was repeatedly misled that another worker would be added. Additionally, Ms. Richardson alleges she was repeatedly contacted outside the workplace during non-business hours, vacation days, and holidays regarding the operation of the vault. Such frequent contact by her employer increased her stress over her employment situation.
We do not find these allegations rise to the level of extreme and outrageous conduct set forth in White. Ms. Richardson does not allege any facts indicating the defendants' conduct towards her was intended or calculated to cause severe emotional distress. Accordingly, we find no error in the trial court's determination that Ms. Richardson has failed to state a cause of action against defendants for the intentional infliction of emotional distress.

Negligent Infliction of Emotional Distress
Attached to defendants' peremptory exception raising the objection of no cause of action is a portion of the transcript from a hearing before the Office of Workers' Compensation. The record does not reflect an objection by Ms. Richardson to the inclusion of this transcript. The transcript reveals Ms. Richardson previously pursued a claim for workers' compensation benefits against her employer for this same injury, which was dismissed pursuant to a motion for summary judgment filed by defendants. Although the workers' compensation judge was "convinced" Ms. Richardson's problems were caused by stress from her job, the court found Ms. Richardson failed to prove that her job stress was "sudden, unexpected, and extraordinary."
Defendants assert that the present case is similar to the situation encountered by the fourth circuit in Tumbs v. Wemco, Inc., 97-2437 (La.App. 4th Cir.4/22/98), 714 So.2d 761, writ denied, 98-1750 (La.10/9/98), 726 So.2d 34. The plaintiff in Tumbs instituted a suit against her employer for negligent and intentional infliction of emotional distress after unsuccessfully bringing a claim for workers' *549 compensation benefits for a mental injury arising from mental stress.
The parties in Tumbs could not agree on the reason why the plaintiff's prior compensation claim had been dismissed. However, the fourth circuit found that even accepting the plaintiff's reason that her claim was dismissed because she had asserted the harassment was chronic and not a "sudden, unexpected and extraordinary stress" related to her employment, her claim was still governed by the exclusivity provision of the Act. Tumbs, 714 So.2d at 764. The Tumbs court found that the requirement that the mental distress be brought about by "sudden, unexpected, and extraordinary stress" related to the employment was not imposed with the intention of creating an exception to the exclusive remedy rule for chronic stress over time. Rather, the requirement was imposed as a burden of proof because of the elusive nature of claims for mental distress that are not caused by physical trauma or a sudden definable event. Tumbs, 714 So.2d at 764.
LSA-R.S. 23:1021(7)(b) provides:
Mental injury caused by mental stress. Mental injury or illness resulting from work-related stress shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter, unless the mental injury was the result of sudden, unexpected, and extraordinary stress related to the employment and is demonstrated by clear and convincing evidence.
We agree that every claimant who fails to prove his mental injury was brought about by "sudden, unexpected, and extraordinary stress related to the employment" should not automatically be allowed to proceed in tort against his employer. However, to find that LSA-R.S. 23:1021(7)(b) does not create an exception to the exclusive remedy for chronic stress sustained over a period of time would deny a remedy for those employees who allege that their employer's negligence caused or contributed to their mental condition.
This court has previously addressed the longstanding rule obligating an employer to provide his employees with a safe place to work in Samson v. Southern Bell Telephone and Telegraph Company, 205 So.2d 496, 499 (La.App. 1st Cir.1967). In Samson, a plaintiff sued his employer for workers' compensation benefits and alternatively alleged a tort action for damages as a result of stress caused schizophrenia. This court held a nervous or mental breakdown produced solely by the stress of one's employment did not constitute an accidental injury within the meaning of the terms as set forth in LSA-R.S. 23:1021. Samson, 205 So.2d at 499.
At the time of the employee's breakdown in Samson, LSA-R.S. 23:1021(7) provided, in pertinent part:
"Injury" and "personal injuries" include only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom. These terms shall in no case be construed to include any other form of disease or derangement, however caused or contracted.
Although the Act was later amended to include the present language of LSA-R.S. 23:1021(7)(b), which provided eligibility for benefits for mental injuries brought about by mental stress, we find the statute does not fully encompass the duty we set forth in Samson for an employer to provide a safe place to work. In Samson, we discussed the employer's duty of providing a safe work place as follows:
We are of the view the duty of legal care owed by an employer to his employees includes not only the obligation *550 of furnishing a safe place in which the employee must work, but also the obligation of refraining from knowingly, intentionally and deliberately requiring the performance of duties, which because of circumstances known to the employer, exposes the employee to the imminent danger of mental breakdown. We reach this conclusion because the employer's control of the type of duties to be performed by his employees is no less than that in which he controls and determines the condition of the working premises. Consequently, we perceive no logical reason why the duty of the employer to refrain from requiring the employee to work under dangerous circumstances inimical to the latter's physical well-being should not also encompass and include the onus of refraining from knowingly requiring the performance of duties which will subject the employee to stress harmful to his mental welfare. In either instance, the injury, hurt or mental deterioration results from conditions within the control of the employer. In each case, therefore, liability of the employer is predicated upon the breach of a legal duty owed his servants. Needless to say, each case must be decided in the light of its own peculiar facts and circumstances, the employee being obligated to establish the essential elements of his particular claim.
Samson v. Southern Bell Telephone & Telegraph Company, 205 So.2d at 502-03.
We find the employer's duty as set forth in Samson is broader than the eligibility for workers' compensation benefits as set forth in LSA-R.S. 23:1021(7)(b). The employer's duty as discussed in Samson encompasses a duty to guard against compelling an employee to perform duties that were dangerous to the plaintiffs welfare, contrary to the communicated advice of a physician, and which defendants knew or should have known would result in plaintiff's mental deterioration. Accordingly, Ms. Richardson's negligence claim is not barred by the exclusive remedy provision of the Act.
In examining this case in light of the facts alleged in Ms. Richardson's petition, which we must accept as true, we find she alleges she was subjected to a two-year period of stressful conditions. However, Ms. Richardson does not allege facts that would indicate the continued performance of her vault duties placed her in imminent danger of a breakdown; that her continued duties in the vault were contrary to the advice of her physician; and that any of the defendants knew or should have known that the continued requirements of her job would result in her mental deterioration.
In light of the foregoing discussion regarding whether Ms. Richardson's claim in negligence is barred by the exclusivity provision of the Act, we find that she can maintain such an action against the defendants if the factors discussed in Samson are present. Accordingly, we grant Ms. Richardson fifteen days from the date of this decision to allow her an opportunity to amend her petition to include the Samson factors, if those factors are among the events that have occurred.

CONCLUSION
Based on the above and foregoing reasons, we find the exclusive remedy provision of the Workers' Compensation Act does not bar all negligent infliction of emotional distress claims filed in tort against an employer. Employees can maintain a tort action against their employers for negligent infliction of emotional distress if the aforementioned elements are set forth in the petition. We remand this matter for the trial court to allow Ms. Richardson fifteen days to amend her petition in an *551 attempt to cure the defects in the petition regarding her claim for negligent infliction of emotional distress. However, we agree with the trial court that Ms. Richardson's petition fails to state a cause of action against defendants for intentional infliction of emotional distress.
Accordingly, the judgment of the trial court is affirmed in part with regard to the dismissal of Ms. Richardson's claim for intentional infliction of emotional distress. However, with respect to her claim for negligent infliction of emotional distress, we remand the matter to the trial court to allow her fifteen days to amend her petition. All costs of this appeal are assessed against The Home Depot USA and Madeline Joy Paul.
AFFIRMED IN PART AND REMANDED.
WEIMER, J., concurs with reasons.
FOIL, J., concurs in the result.
WEIMER, J., concurs.
I concur in the result reached by the author of the opinion.
An appellate court may notice a failure to state a cause of action on its own. LSA-C.C.P. art. 927(B). There were two potential bases for the dismissal of Ms. Richardson's suit on the grounds she had failed to state a cause of action: 1) the exclusive nature of the Louisiana Workers' Compensation Law, as provided in LSA-R.S. 23:1032;[1] and 2) the jurisprudential limitations imposed upon the independent tort of intentional infliction of emotional distress and the independent tort of negligent infliction of emotional distress.

Is the Tort Claim Barred by the Louisiana Workers' Compensation Law?
There are two avenues for Ms. Richardson to pursue to avoid the exclusivity provisions of the Louisiana Workers' Compensation Law: a) applicable jurisprudence regarding an exception for injuries not compensable under the act; and b) the statutory exception for an intentional act by the employer.
Recently, the Louisiana Supreme Court in O'Regan v. Preferred Enterprises, Inc., 98-1602, p. 2 (La.3/17/00), 758 So.2d 124, 127, on rehearing, indicated that when there is no remedy for an employee pursuant to the Louisiana Workers' Compensation Law, there is no immunity in tort for the employer. Significantly, O'Regan cited with approval Samson v. Southern Bell Telephone & Telegraph Company, 205 So.2d 496 (La.App. 1 Cir.1967), a case in which this court held that under limited circumstances an employee could sue his employer in tort where the Louisiana Workers' Compensation Law provided no remedy for his work-connected mental breakdowns. Thus, according to this jurisprudence, Home Depot is not entitled to tort immunity which would support dismissal of Ms. Richardson's suit on that ground.
*552 The following observation was made in 14 H. ALSTON JOHNSON III, LOUISIANA CIVIL LAW TREATISE: WORKERS' COMPENSATION LAW AND PRACTICE [MALONE & JOHNSON] (3d ed. 1994) 2000 Pocket Part § 366 at 25-26:
[In O'Regan,] the Supreme Court was presented with the question that has plagued it for years, and in particular has occupied the court on several occasions since 1989. The broad legal question is whether a claimant who does not receive a remedy in the [Workers' Compensation] Act is free to sue in tort....
. . . .
[T]here are broad hints in the plurality opinion about the larger question of when a claimant who is not successful in obtaining a compensation remedy may sue in tort. The plurality opinion strives to make a distinction between those situations in which an event or injury is simply not "covered" by the Act (and thus in which there is no reason to bar a tort action) and those instances in which the event or injury is "covered" by the Act but the claimant is unsuccessful in achieving a remedy because of failure to establish some other part of a prima facie case.
Mental injuries or illnesses resulting from work-related stress are covered by the Louisiana Workers' Compensation Law, but only when the mental injury or illness results from a "sudden, unexpected, and extraordinary stress" which is employment related. LSA-R.S. 23: 1021(7)(b). Thus, mental injuries arising out of and in the course and scope of employment and caused by chronic work-related stress are not covered by the Louisiana Workers' Compensation Law.
Another avenue for avoiding the Louisiana Workers' Compensation Law's bar of a tort action against an employer would have been for Ms. Richardson to state a cause of action for an intentional tort pursuant to the exclusivity provision of LSA-R.S. 23:1032(B), which states:
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act. (Emphasis added.)
The intentional act exception of LSA-R.S. 23:1032(B) does not include acts that are merely deliberate or acts of gross negligence. Reeves v. Structural Preservation Systems, 98-1795, pp. 4-5 (La.3/12/99), 731 So.2d 208, 210. The statute as enacted limits the availability of tort recovery only to employees whose injuries are caused by genuine intentional acts; anything less than intentional, whether it is gross negligence or violation of a safety rule, remains within the Louisiana Workers' Compensation Law. The requisite employer's intent is defined as: (1) consciously desiring the physical results of the particular conduct, or (2) knowledge that the physical results were "substantially certain" to follow such conduct. Bazley v. Tortorich, 397 So.2d 475, 481 (La.1981).
Thus, Ms. Richardson is only entitled to proceed in a suit for an intentional tort if her employer knew or should have known that her emotional injury was virtually certain to occur. The allegations of her petition do not encompass this knowledge and, according to the facts alleged, cannot encompass this knowledge.

Did the Petition Allege a Cause of Action for an Independent Tort of Intentional Infliction of Emotional Distress?
Despite Ms. Richardson's failure to allege an intentional act as provided in LSA-R.S. 23:1032(B), her suit is not subject to *553 dismissal for failure to state a cause of action if she has alleged an independent tort of intentional infliction of emotional distress as defined in general tort law. The elements of the independent tort of intentional infliction of mental distress are: "extreme and outrageous conduct" by which one "intentionally or recklessly causes severe emotional distress to another." Moresi v. State, Department of Wildlife and Fisheries, 567 So.2d 1081, 1095 (La.1990), quoting the Restatement of Torts (2d) § 46(1).
I agree with the author of the opinion that Ms. Richardson's petition fails to allege facts which would satisfy the elements of intentional infliction of emotional distress.

Did the Petition Allege a Cause of Action for the Independent Tort of Negligent Infliction of Emotional Distress?
Our final consideration must be in light of the requirements for stating a cause of action for the independent tort of negligent infliction of emotional distress, a tort which is subject to stringent limitations, as noted by Professors Frank L. Maraist and Thomas C. Galligan, Jr.:
The common law and Louisiana law both permit recovery for intentional infliction of emotional distress .... When the actor whose conduct causes the emotional distress is merely negligent, however, recovery may be denied....
. . . .
[A]n award is proper when the conduct is directed at the mental anguish victim and the circumstances show an "especial likelihood of genuine and serious mental distress." Cases in which a plaintiff realistically fears for his personal safety or in which he watches his property destroyed probably are the most common. Other situations where emotional distress may be recoverable were catalogued by the Louisiana Supreme Court in Moresi v. State [567 So.2d 1081, 1096 (La.1990)]: (1) a telegraph company negligently transmitting a message, especially one announcing death; (2) mishandling of corpses; (3) failure to install, maintain or repair consumer products and (4) failure to take photographs or develop film. Obviously, some of these "types" of negligent infliction claims, such as improper repair of products or failure to take photographs, will be heavily fact-specific and will turn, in part, upon the kind of product or photograph involved.
The requirement of circumstances reflecting a "special likelihood" of mental distress is designed to avoid opening "the floodgates of litigation" and to thwart fraudulent claims. Additionally, limiting recovery to cases of special likelihood of distress avoids many difficult cause-in-fact decisions that would require extensive investments of judicial time and effort and probably would not be particularly accurate. (Emphasis added; footnotes omitted.)
FRANK L. MARAIST & THOMAS C. GALLIGAN, JR., LOUISIANA TORT LAW § 5-8, at 124-125 (1996).
Louisiana tort law recognizes a cause of action for negligent infliction of emotional distress when the defendant's conduct is directed at the mental anguish victim and the circumstances show an "especial likelihood of genuine and serious mental distress." See Moresi, 567 So.2d at 1096, (requirement of especial likelihood of genuine and serious mental distress, arising from special circumstances, serves as a guarantee that the claim is not spurious).
My reading of Ms. Richardson's petition convinces me she will not be able to meet the exacting requirements of alleging facts which can lead to findings that defendant's negligent actions were of a nature that there was an especial likelihood of causing genuine and serious mental stress to her. *554 Thus, I have reservations about Ms. Richardson's ability to amend her petition to state a cause of action sounding in negligent infliction of emotional distress for jobrelated stress. Although the mental distress suffered by Ms. Richardson may have been severe, she may well be among the persons who must suffer the consequences of being unable to be compensated for their damages because the law must guard against those who would inundate the courts with spurious claims were the standards for the cause of action lowered.

Should this Matter Be Remanded?
I note that O'Regan was decided after the trial court dismissed Ms. Richardson's petition without allowing her an opportunity to amend. Because of the significance that opinion plays in the instant case, I cannot say that it would not have influenced the trial court's exercise of discretion in allowing amendment. Despite the unlikelihood of Ms. Richardson being able to state a cause of action for negligent infliction of emotional distress, I concur in remanding the case to the district court to extend to Ms. Richardson the opportunity to amend. See LSA-C.C.P. art. 932.
NOTES
[1] In White, the supreme court held a supervisor's one-minute outburst of profanity, directed at three employees in the course of dressing them down for not working as hard as he thought they should, was not such extreme and outrageous conduct as to give rise to recovery for intentional infliction of emotional distress.
[1] Louisiana Revised Statutes 23:1032 provides, in pertinent part:

A. (1)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.