2766 FRONT, LLC,
v.
HANS BAYER D/B/A BAYER FLOORS.
No. 2009 CA 1558.
Court of Appeals of Louisiana, First Circuit.
March 26, 2010.
Not Designated for Publication
WAYNE J. JABLONOWSKI, SLIDELL Louisiana, Counsel for Defendant/Appellant, Hans Bayer d/b/a Bayer Floors.
PETER B. SLOSS, DONALD R. WING, New Orleans, Louisiana, Counsel for Third Party Defendant/Appellee, Country Mutual Insurance Company.
Before: DOWNING, GAIDRY, and McCLENDON, JJ.
GAIDRY, J.
This appeal is from a trial court judgment sustaining an exception of no cause of action and dismissing the defendant's third party demand without prejudice. We amend the judgment and affirm the amended judgment.

FACTS AND PROCEDURAL HISTORY
Plaintiff, 2766 Front, L.L.C., filed suit against Hans Bayer for fraudulent misrepresentation. The basis for the plaintiff's claims was that when plaintiff contracted with Bayer to have Bayer perform floor installation services as a subcontractor for plaintiff, Bayer represented to plaintiff that he possessed workers' compensation insurance, and based on this representation, plaintiff agreed to pay Bayer an additional fifty cents per square foot for his installation services. Plaintiff was later informed by the Louisiana Workers' Compensation Commission ("LWCC") that Bayer did not possess workers' compensation insurance which was valid in Louisiana, and plaintiff was forced to pay LWCC additional premiums to cover Bayer for the services he performed for plaintiff.
Although Bayer did possess workers' compensation insurance, La. R.S. 23:1161 provides that the State of Louisiana only recognizes workers' compensation insurance issued by authorized companies. Country Mutual Insurance Company ("Country Mutual"), the company from which Bayer obtained workers' compensation insurance, is not authorized in Louisiana.
Bayer filed a third-party demand against Country Mutual alleging that Country Mutual, through its agents, sent insurance certificates evidencing workers' compensation insurance for Bayer to the plaintiff at its Louisiana address; that Bayer relied on these certificates and believed that he was covered by them for work he performed in Louisiana; that Bayer later discovered that the workers' compensation insurance was not valid in Louisiana; and that Country Mutual is liable to Bayer for damages resulting from "its faulty and negligent issuing an insurance certificate evidencing valid insurance to a company doing business in Louisiana, and the reliance by Hans Bayer upon these certificates."
Country Mutual filed an exception of no cause of action, which was sustained by the court, because Bayer's third-party demand does not allege that Country Mutual made any misrepresentations to Bayer by virtue of providing a truthful certificate of insurance. The trial court allowed Bayer thirty days to amend his third-party demand to state a cause of action against Country Mutual, failing which his third-party demand would be dismissed with prejudice.
Bayer amended his third-party demand to allege that Country Mutual knew, and was in the best position to know, that its policies were not valid in the State of Louisiana, and because of its negligence in issuing a policy which it should have known was invalid in Louisiana, Country Mutual breached its contract with Bayer and is therefore liable for any damages sustained by Bayer as a result.
Following this amendment, Country Mutual re-urged its exception of no cause of action on the grounds that Bayer's third-party demand still failed to state a valid cause of action against Country Mutual. Although not in the petition, Bayer's attorney argued that Bayer told the insurance agent that he needed insurance for a job in Slidell, Louisiana, the insurance company faxed certificates of insurance to the plaintiff in Louisiana, and the insurance provided was not sufficient for the state of Louisiana, resulting in damages to Bayer, The trial court sustained Country Mutual's exception of no cause of action and dismissed Bayer's third-party demand without prejudice. It is from this judgment that Bayer appeals, arguing that the court erred in sustaining Country Mutual's exception of no cause of action and in not allowing Bayer to amend his third-party demand again to attempt to state a cause of action.

DISCUSSION
The peremptory exception raising the objection of no cause of action questions whether the law extends a remedy to anyone under the factual allegations of the petition. The purpose of the exception of no cause of action is to determine the sufficiency in law of the petition. Richardson v. Home Depot USA, 00-0393, p. 3 (La.App. 1 Cir. 3/28/01), 808 So.2d 544, 546.
Generally, the exception of no cause of action is triable solely on the face of the petition and any annexed documents. Woodland Ridge Association v. Cangelosi, 94-2604, p. 3 (La.App. 1 Cir. 10/6/95), 671 So.2d 508, 510. For purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. The court must determine if the law affords plaintiff a remedy under those facts. Any doubts are to be resolved in favor of sufficiency of the petition. The question, therefore, is whether, in the light most favorable to the plaintiff, and with every doubt resolved in its behalf, the petition states any valid cause of action for relief. Stroscher v. Stroscher, 01-2769, p. 3 (La.App. 1 Cir. 2/14/03), 845 So.2d 518, 523.
When the grounds of the exception of no cause of action may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed. La. C.C.P. art. 934. Clearly, even if a petition fails to state a cause of action, if the grounds of the objection can be removed by amendment, the plaintiff should be allowed to amend his demand. However, where the grounds for the objection cannot be removed by amendment, the trial court is not required to allow the pleadings to be amended. Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 96-1010, pp. 5-6 (La.App. 1 Cir. 3/27/97), 691 So.2d 751, 755, writ denied, 97-1066 (La. 6/13/97), 695 So. 2d 982. The decision whether to allow amendment of the pleadings is within the sound discretion of the trial court. Byers v. Edmondson, 97-0831, p. 8 (La.App. 1 Cir. 5/15/98), 712 So.2d 681, 686, writ denied, 98-1596 (La. 10/9/98), 726 So.2d 29, cert. denied, 526 U.S. 1005, 119 S.Ct. 1143, 143 L.Ed.2d 210 (1999); Prudential Insurance Company of America v. CC & F Baton Rouge Development Company, 93-2074, p. 13 (La.App. 1 Cir. 10/7/94), 647 So.2d 1131, 1139.
Bayer argues on appeal that he has stated a cause of action against Country Mutual because he informed Country Mutual's agents that he was doing flooring work in Louisiana and he needed insurance to cover that work, but they did not provide appropriate insurance. However, these facts were not alleged in either the third party demand or the amended third party demand. When Bayer alleged these facts at the hearing on the exception, counsel for Country Mutual stated "that would be great if the petition said that, but it does not. And we have to go by what is in the third party demand." After a thorough review of the record, we find that the trial court was correct in concluding that Bayer's amended third party demand failed to state a cause of action against Country Mutual. However, since it appears from the facts alleged at the hearing on the re-urged exception that it would be possible to amend the petition to state a cause of action against Country Mutual, the trial court should have allowed Bayer to amend his petition rather than dismissing his third party demand. Therefore, we amend the trial court judgment to provide that Bayer has thirty days to amend his petition to attempt to state a cause of action against Country Mutual.

CONCLUSION
The judgment of the trial court, sustaining Country Mutual's exception of no cause of action and dismissing Bayer's third party demand without prejudice is amended to allow Bayer thirty days to amend his petition to state a cause of action against Country Mutual, and as amended, the judgment is affirmed. Costs of this appeal are to be borne seventy percent by Hans Bayer and thirty percent by Country Mutual.
AMENDED, AND AS AMENDED, AFFIRMED.