# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## NO. 2024 CA 0061

VEOLIA WATER NORTH AMERICA – SOUTH, LLC

VERSUS

CITY OF BATON ROUGE, PARISH OF EAST BATON ROUGE
OFFICE OF THE MAYOR-PRESIDENT

Judgment Rendered: **SEP 2 0 2024**

* * * * *

On Appeal from the
19th Judicial District Court
Parish of East Baton Rouge, State of Louisiana
Trial Court No. 729871

The Honorable Tiffany Foxworth-Roberts, Judge Presiding

* * * * *

Robert E. Kerrigan, Jr.
Raymond C. Lewis
Brian S. Schaps
New Orleans, Louisiana

Attorneys for Plaintiff-Appellant,
Veolia Water North America – South, LLC

Courtney K. Humphrey
Michael P. Schillage
Baton Rouge, Louisiana

Attorneys for Defendants-Appellees,
City of Baton Rouge, Parish of East
Baton Rouge, Office of the Mayor-
President

V. Thomas Clark, Jr.
Jacob E. Roussel
Baton Rouge, Louisiana

Attorneys for Intervenor-Appellee,
Operations Management International, Inc.

* * * * *

BEFORE: WOLFE, MILLER, AND GREENE, JJ.

Miller, J concurs wout reasons

**WOLFE, J.**

This appeal concerns a contract regarding operation and maintenance services at wastewater treatment facilities for the City of Baton Rouge/Parish of East Baton Rouge (City/Parish). Veolia Water North America – South, LLC (Veolia Water) submitted an unsuccessful proposal for the contract, and now seeks review of the trial court's judgment dismissing Veolia Water's petition to restrain, enjoin, and prohibit the award of the contract by the City/Parish to another proposer, Operations Management International, Inc. (OMI), or any other proposer. For the following reasons, we affirm.

## BACKGROUND

On July 22, 2022, the City/Parish released a Request for Proposal (RFP) to engage in a competitive solicitation process to select a qualified entity to enter into a long-term contract for services identified as "operations, maintenance[,] and asset management" for the City/Parish's two wastewater treatment facilities. The RFP provided that all proposals were subject to applicable provisions of Louisiana law, "including but not limited to" Public Bid Law (La. R.S. 38:2211, *et seq.*), the City/Parish Code of Ordinances, and specifications listed in the RFP. The RFP set forth detailed instructions for proposals to be submitted to the City/Parish, along with a description of the process for evaluating and scoring of the proposals, as well as details on how to protest the RFP itself and/or the award of the contract. Additionally, the RFP stated that the City/Parish would conduct interviews of "up to three" proposers, but that the City/Parish reserved the right to enter into a contract without any further discussion of a submitted proposal, making clear that the City/Parish, without limitation, held the right to accept or reject proposals at its "sole discretion." The RFP specifically stated that the award of the contract "shall be made" for the proposal that conforms to the RFP and "will be the most

2

advantageous" to the City/Parish, considering price, best value, and other factors. The deadline stated in the RFP for all proposals was September 22, 2022.

The City/Parish received three proposals by the RFP deadline from: Veolia Water, OMI, and Inframark, LLC. After an evaluation period, the City/Parish Environmental Services Director issued a memorandum to the City/Parish Metropolitan Council members on January 12, 2023, advising and recommending that the ten-year operations and maintenance services contract be awarded to OMI. The evaluation committee for the City/Parish made its selection on the basis that OMI met all of the RFP requirements, was very knowledgeable in the work, and provided the best value for the services. Also on January 12, 2023, all of the proposers were sent a notice of intent to award the services contract to OMI. It is undisputed that Veolia Water received the notice of intent letter on January 13, 2023. On February 8, 2023, the Metropolitan Council awarded the contract to OMI at a public hearing. OMI and the City/Parish subsequently executed the contract for operation and maintenance services on March 13, 2023.

On February 15, 2023, a few days after the public hearing and approximately one month before the contract was executed, the City/Parish received Veolia Water's letter of protest of the award to OMI. However, the City/Parish promptly notified Veolia Water on February 17, 2023, that the protest was untimely pursuant to the RFP. According to the RFP, the issuance of the notice of intent to award the contract triggered a seven-day period to file a written protest of the award, and the timeline for protesting the RFP process had long passed because those protests were due two days before the RFP deadline for proposals.[1] Thus, the deadline for filing a protest of the award was January 20, 2023. No protests were *timely* filed by any proposer,

---

[1] Section 5.13 of the RFP provides, in pertinent part: "Protests with regard to the RFP . . . will not be considered after proposals are opened and must be received at least two (2) days prior to the due date and time RFP responses are due. Protests associated with contract award must be received within seven (7) days from the issuance of the notice of intent to award."

3

including Veolia Water. Nevertheless, Veolia Water's protest letter was sent to the City/Parish, which outlined various reasons for the protest, including: violations of the RFP interview process, public records requests, and public bid laws; objections to the entire RFP process; a perceived unfairness concerning the evaluation of Veolia Water's proposal; and an intent to award to OMI, who was an unqualified proposer.

Two days after the City/Parish executed the service contract with OMI, Veolia Water filed a petition on March 15, 2023, seeking to enjoin the award of the contract to OMI, a request for a temporary restraining order (TRO), and a writ of mandamus concerning a public records request. Eleven exhibits were attached to the petition, including the RFP, two notices of intent to award to OMI, letters regarding interviews, Veolia Water's protest, and the City/Parish's responses. On March 17, 2023, the City/Parish filed a peremptory exception of no cause of action for injunctive relief under public bid law or law concerning public record requests, dilatory exceptions of unauthorized use of summary proceedings and improper cumulation of actions, and a declinatory exception of insufficiency of service of process. The trial court signed a TRO on March 28, 2023, prohibiting the City/Parish from awarding the contract to OMI, or to any other entity other than Veolia Water. On April 13, 2023, OMI filed a petition for intervention and filed a memorandum in support of the City/Parish's exceptions.

On March 29, 2023, a hearing took place on the TRO, injunctive relief, and exceptions. The parties were instructed to submit additional briefing and the TRO was left in place until another hearing was held on May 23, 2023. At the second hearing, the trial court orally ruled in favor of the City/Parish, sustaining the exception of no cause of action, agreeing that the contract awarded to OMI was not subject to the provisions of the public bid law and could not be enjoined on that basis, and dissolving the TRO. A final judgment was signed on June 16, 2023, dismissing Veolia Water's claims for injunctive relief against the City/Parish with

prejudice. Additionally, the trial court sustained the City/Parish's exceptions of unauthorized use of summary proceedings and improper cumulation of actions, finding that Veolia Water could not enjoin or nullify a contract already executed by the City/Parish and OMI. It is from this judgment that Veolia Water appeals, assigning three errors regarding the trial court's grant of the City/Parish's exception of no cause of action.

## LAW AND ANALYSIS

The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the operative facts alleged in the pleading. **B & C Elec., Inc. v. East Baton Rouge Parish School Bd.**, 2002-1578 (La. App. 1st Cir. 5/9/03), 849 So.2d 616, 619. In the context of the exception, a "cause of action" is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. **Terrebonne Parish Consolidated Government v. Duval, Funderburk, Sundbery, Richard & Watkins, APLC**, 2021-0578 (La. App. 1st Cir. 2/18/22), 340 So.3d 1099, 1104, writ denied, 2022-00470 (La. 5/10/22), 337 So.3d 910. No evidence may be introduced to support or controvert the exception of no cause of action. La. Code Civ. P. art. 931. The court reviews the petition and accepts well-pleaded factual allegations as true, as well as any facts shown in annexed documents. **B & C Elec.**, 849 So.2d at 619. Because the exception of no cause of action raises a question of law, appellate courts conduct a *de novo* review. **Id.**

Veolia Water argues that it has a cause of action as an interested party under the public bid laws, which govern the RFP and contract at issue, and that the City/Parish violated the public bid process by awarding the contract to OMI based on favoritism instead of the most advantageous or cost-effective proposal. Thus, Veolia Water contends the contract is a nullity. We find no merit to this argument. The Louisiana Supreme Court has long held that the public bid law was intended to

5

apply to "public works" and not to public service contracts.[2] See **Wallace Stevens, Inc. v. Lafourche Parish Hospital District No. 3**, 323 So.2d 794, 795-797 (La. 1975). Louisiana Revised Statutes 38:2220(A) does not provide a remedy based on the acts alleged in Veolia Water's pleading; rather, it allows nullification for "purchase of materials or supplies, or any contract entered into for the construction of public works." "Public work" is defined in La. R.S. 38:2211(A)(13) as the "erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity." The contract at issue is for *services* identified as "operations, maintenance[,] and asset management" for the City/Parish's two wastewater treatment facilities. The trial court correctly concluded that this service contract does not fall within the purview of the Louisiana public bid laws. Thus, we agree that the petition fails to state a cause of action for recovery on this basis.

Furthermore, while a public entity may elect to use the sealed bid process and must comply with the requirements in its bid documents, it does not necessarily follow that its service contracts will be subject to Louisiana public bid laws or provide remedies for contracts which are contrary to public bid laws. See **Ramelli Janitorial Service, Inc. v. H&O Investments, LLC**, 2022-266 (La. App. 5th Cir. 9/21/22), 350 So.3d 588, 591-592 (drawing a distinction between an entity electing to use the public bid law's processes and requirements in practice versus granting a cause of action based on a law found to be inapplicable to service contracts to

---

[2] Jurisprudence in all Louisiana Circuit Courts of Appeal have followed this now well-settled principle of law. See  **B & C Elec.**, 849 So.2d at 620-621; **A.M.E. Disaster Recovery Services, Inc. v. City of New Orleans**, 2010-1755 (La. App. 4th Cir. 8/24/11), 72 So.3d 454, 457-458, writ denied, 2011-2088 (La. 11/23/11), 76 So.3d 1154; **Waste Management of Central Louisiana v. Beall**, 2003-1710 (La. App. 3rd Cir. 8/4/04), 880 So.2d 923, 930-931, writ denied, 2004-2642 (La. 1/14/05), 889 So.2d 269; **Tiger Air & Heat, LLC v. Jefferson Parish School Board**, 2002-610 (La. App. 5th Cir. 10/16/02), 832 So.2d 324, 327, writ denied, 2002-2762 (La. 3/14/03), 839 So.2d 35; **Browning-Ferris, Inc. v. City of Monroe**, 465 So.2d 882, 884 (La. App. 2d Cir.), writ denied, 467 So.2d 538 (La. 1985).

potential bidders beyond what is provided in the bid documents). Thus, political subdivisions are generally free to contract for professional services without engaging in any sort of competitive bid process. However, there is no prohibition against a political subdivision establishing a policy that requires an RFP or competitive bid process to engage in when procuring professional services. See La. Atty. Gen. Op. No. 14-0137 (Feb. 12, 2015), 2015 WL 1523846, *1.

Veolia Water also contends that it has a cause of action against the City/Parish because it timely filed suit to enjoin the City/Parish from awarding the contract to OMI. However, our *de novo* review of the record reveals that not only did Veolia Water untimely file a protest after receiving the notice of the City/Parish's intent to award the contract to OMI, Veolia Water also untimely sought injunctive relief against the City/Parish when it filed suit two days after the City/Parish executed the service contract with OMI. Once the act sought to be enjoined has occurred (*i.e.*, the execution of the contract with OMI), the injunctive relief sought by Veolia Water was rendered moot and there is no ground for an injunction. In other words, the need for injunctive relief ceased to be a justiciable issue. See **JB James Const., L.L.C. v. Louisiana Dept. of Transp. and Development**, 2011-1086 (La. App. 1st Cir. 12/21/11), 2011 WL 6776999, *1 (unpublished), writ denied, 2012-0237 (La. 3/30/12), 85 So.3d 122. See also **Silliman Private School Corp. v. Shareholder Group**, 2000-0065 (La. App. 1st Cir. 2/16/01), 789 So.2d 20, 23, writ denied, 2001-0594 (La. 3/30/01), 788 So.2d 1194. Appellate courts do not decide abstract or hypothetical controversies or render advisory opinions about controversies. **Doe v. Board of Supervisors of Louisiana State University and A & M College**, 2023-0246 (La. App. 1st Cir. 12/14/23), 380 So.3d 91, 101.

Pursuant to La. Code Civ. P. art. 934, if a petition fails to state a cognizable cause of action and the grounds for the objection can be removed by amendment, the plaintiff should be allowed to amend his demand. See **Richardson v. Home**

**Depot USA**, 2000-0393 (La. App. 1st Cir. 3/28/01), 808 So.2d 544, 547. On the other hand, where the grounds for the objection cannot be removed by amendment, the trial court is not required to allow amendment. The decision to allow amendment is within the sound discretion of the trial court. **Id**. We find no abuse of discretion in the trial court's refusal to allow Veolia Water an opportunity to amend its petition, which would be a vain and useless act. See **NOLA 180 v. Harrah's Operating Co., Inc.**, 2012-0072 (La. App. 4th Cir. 5/16/12), 94 So.3d 886, 889, writ denied, 2012-1391 (La. 10/8/12), 98 So.3d 855 (There should be some indication that the defective petition can be amended to state a lawful cause of action.).

## CONCLUSION

For the outlined reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed to Veolia Water North America – South, LLC.

**AFFIRMED.**