845 So.2d 518 (2003)
Gregory E. STROSCHER
v.
Cynthia B. STROSCHER.
No. 2001 CA 2769.
Court of Appeal of Louisiana, First Circuit.
February 14, 2003.
*522 Nancy Sue Gregorie, Baton Rouge, for Plaintiff/Appellee, Gregory E. Stroscher.
Richard L. Ducote, Jeannine A. Provencher, New Orleans, for Defendant/Appellant, Cynthia B. Stroscher.
Before: CARTER, C.J., WHIPPLE, and CIACCIO,[1] JJ.
CARTER, C.J.
Cynthia B. Stroscher (Barton) appeals a Family Court judgment sustaining peremptory exceptions raising the objections of no cause of action and res judicata and imposing sanctions against her and her attorney.

FACTS AND PROCEDURAL HISTORY
The parties to this case, Cynthia Barton and Gregory Stroscher, were divorced on March 9, 1999. One child was born of their marriage on November 15, 1997.
On May 7, 1999, the Family Court accepted various stipulations by the parties, primarily concerning issues of child custody. Mr. Stroscher's attorney submitted and on July 26, 1999, the Family Court signed a judgment ("the consent judgment") purportedly reflecting those stipulations. Subsequently, Ms. Barton moved the Family Court to vacate the consent judgment, alleging that it is not consistent with the parties' stipulations. Specifically, Ms. Barton complained that the consent judgment contains a "no prior act evidence" clause prohibiting the introduction of evidence regarding either party's prior acts at subsequent custody hearings, which was not part of the parties' stipulations. The Family Court found there was no error of fact involved in the consent judgment and rendered a judgment denying Ms. Barton's request.[2]
Ms. Barton then filed a petition to annul the consent judgment for ill practices on the part of both Mr. Stroscher's attorney and the attorney who represented her at the time of the consent judgment. Mr. Stroscher objected to the petition on the grounds that the petition failed to state a cause of action and is barred by the doctrine of res judicata. He also requested sanctions pursuant to LSA-C.C.P. art. 863. The Family Court sustained a partial peremptory exception raising the objection of no cause of action as to the allegation that her own attorney's ill practices should serve as a ground for nullity, but overruled a partial exception as to the alleged ill practice by Mr. Stroscher's attorney. The Family Court sustained the peremptory exception raising the objection of res judicata. Finally, the Family Court granted *523 Mr. Stroscher's request for sanctions and ordered Ms. Barton and her attorney, Mr. Ducote, to pay court costs as well as $500 in attorney's fees.
Ms. Barton appeals, contending the Family Court erred in sustaining the peremptory exceptions raising the objections of no cause of action and res judicata, and in imposing sanctions against her and her attorney.[3]

PEREMPTORY EXCEPTION RAISING THE OBJECTION OF NO CAUSE OF ACTION
The objection of no cause of action is properly raised by the peremptory exception and questions whether the law extends a remedy to anyone under the factual allegations of the petition. The purpose of an exception raising the objection of no cause of action is to determine the sufficiency in law of the petition. Richardson v. Home Depot USA, XXXX-XXXX, p. 3 (La.App. 1st Cir.3/28/01), 808 So.2d 544, 546. In reviewing a trial court's ruling sustaining an exception raising the objection of no cause of action, the appellate court should subject the case to a de novo review. Knight v. Magee, 2001-2041, p. 4 (La.App. 1st Cir.9/27/02), 835 So.2d 636, 638.
Generally, no evidence may be introduced to support or controvert the exception. However, a jurisprudentially recognized exception to this rule allows the court to consider evidence that is admitted without objection to enlarge the pleadings. For purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. The court must determine if the law affords plaintiff a remedy under those facts. Richardson, 808 So.2d at 546-547. Any doubts are resolved in favor of the sufficiency of the petition. The question, therefore, is whether, in the light most favorable to the plaintiff, and with every doubt resolved in her behalf, the petition states any valid cause of action for relief. Knight, 835 So.2d at 638. If two or more causes of action are based on separate and distinct operative facts, partial grants of the exception of no cause of action may be rendered, while preserving other causes of action. Hand v. Hand, 99-2420, p. 4 (La.App. 1st Cir.12/20/02), 834 So.2d 619, 622.
When the grounds of the peremptory exception raising the objection of no cause of action may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed. LSA-C.C.P. art. 934. The decision to allow amendment is within the sound discretion of the trial court. Richardson, 808 So.2d at 547.
Louisiana Code of Civil Procedure article 2004 provides that a final judgment obtained by fraud or ill practices may be annulled. This article is not limited to cases of actual fraud or ill practices, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure. Courts must review petitions for nullity closely as actions for nullity based on fraud or ill practices are not intended as substitutes for appeals or second chances to prove claims previously denied *524 for failure of proof. The purpose of an action for nullity is to prevent injustice that cannot be corrected through new trials and appeals. Belle Pass Terminal, Inc. v. Jolin, Inc., XXXX-XXXX, p. 5 (La.10/16/01), 800 So.2d 762, 766.
The two criteria for determining whether a judgment has been rendered through fraud or ill practices and is subject to nullification are: 1) whether circumstances under which the judgment was rendered showed the deprivation of legal rights of the litigant seeking relief; and 2) whether enforcement of the judgment would be unconscionable or inequitable. Belle Pass Terminal, Inc., 800 So.2d at 766. The "legal right" of which a litigant must be deprived to have a judgment annulled encompasses the right to a fair and impartial trial. However, a judgment will not be annulled on account of fraud or ill practice in the course of a legal proceeding if the fraud or ill practice pertained to a matter irrelevant to the basis of the decision and the judgment therefore was not obtained by fraud or ill practice. Belle Pass Terminal, Inc., 800 So.2d at 767.
In this case, the judgment that Ms. Barton seeks to have declared null is a consent judgment. In effect, a consent judgment is a bilateral contract between the parties, which must be based on consent. Thus, a consent judgment, as opposed to other final judgments rendered against a party without their consent, may be annulled for an error of fact or of the principal cause of the agreement. LSA-C.C. arts 1841 and 1824, et seq; State, Dept. of Transportation and Development v. K.G. Farms, 402 So.2d 304, 307 (La.App. 1st Cir.), writ denied, 406 So.2d 625 (La. 1981).
Ms. Barton argues she was deprived of her right to appear and be heard because her own attorney also represented Darla Goodwin, Mr. Stroscher's girlfriend, who was present in court as a potential witness. Ms. Barton avers that her attorney did not disclose his representation of Ms. Goodwin or that such representation posed a conflict of interest. Without knowing these facts, Ms. Barton relied on her attorney's advice and agreed to the terms of the stipulations. She contends that if she had known, she would have obtained other counsel and would not have agreed to the terms of the stipulations.
The Family Court correctly observed, however, that the improper representation or misconduct of the moving party's attorney is not a legally recognized basis for granting an action in nullity. See Melancon v. D & M Enterprises, 95-0644, pp. 5-6 (La.App. 4th Cir.9/28/95), 662 So.2d 54, 57; Golden v. Slack, 524 So.2d 175, 178 (La.App. 4th Cir.1988). Accordingly, the Family Court properly sustained the peremptory exception raising the objection of no cause of action.

PEREMPTORY EXCEPTION RAISING THE OBJECTION OF RES JUDICATA
Res judicata is an issue preclusion device found both in federal law and in state law. The purpose of both federal and state law on res judicata is essentially the sameto promote judicial efficiency and final resolution of disputes by preventing needless relitigation. Certified Finance, Inc. v. Cunard, XXXX-XXXX, p. 4 (La.App. 1st Cir.4/17/02), 838 So.2d 1, 3, writ denied, XXXX-XXXX (La.10/14/02), 827 So.2d 424.
Louisiana Revised Statute 13:4231 provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

*525 (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Under LSA-R.S. 13:4231, res judicata bars relitigation of a subject matter arising from the same transaction or occurrence as a previous suit. Thus, the chief inquiry is whether the second action asserts a cause of action that arises out of the transaction or occurrence that was the subject matter of the first action. The doctrine of res judicata is not discretionary and mandates the effect to be given final judgments. Certified Finance, Inc., 838 So.2d at 3.
After a final judgment, res judicata bars relitigation of any subject matter arising from the same transaction or occurrence of a previous suit. LSA-R.S. 13:4231; LSA-C.C.P. art. 425. Implicit in the concept of res judicata is the principle that a party had the opportunity to raise a claim in the first adjudication, but failed to do so. Once a final judgment acquires res judicata status, no court has jurisdiction to change the judgment. Certified Finance, Inc., 838 So.2d at 4.
Louisiana Revised Statute 13:4231 embraces the broad usage of the phrase "res judicata" to include both claim preclusion (res judicata) and issue preclusion (collateral estoppel). Under claim preclusion, a res judicata judgment on the merits precludes the parties from relitigating matters that were or could have been raised in that action. Under issue preclusion or collateral estoppel, however, once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue in a different cause of action between the same parties. Thus, res judicata used in the broad sense has two different aspects: 1) foreclosure of relitigating matters that have never been litigated but should have been advanced in the earlier suit; and 2) foreclosure of relitigating matters that have been previously litigated and decided. Certified Finance, Inc., 838 So.2d at 4.
Res judicata cannot be invoked unless all its essential elements are present and each necessary element has been established beyond all question. The res judicata doctrine must be strictly construed, and any doubt concerning its applicability is to be resolved against the party raising the objection. Certified Finance, Inc., 838 So.2d at 4.
Ms. Barton seeks to have the consent judgment annulled because Mr. Stroscher's attorney inserted language that does not conform to the parties' stipulations. Central to Ms. Barton's claim is a finding that language that does not conform to the stipulations was, in fact, included in the judgment. However, this issue was previously litigated. The Family Court determined that the judgment conforms to the stipulations and rendered judgment accordingly. That judgment is now final.
Considering the above principles of law, we conclude the Family Court correctly determined that res judicata applies to bar *526 relitigation of the issue central to Ms. Barton's action for nullity based on ill practices by Mr. Stroscher's attorney. Absent a finding on that issue in Ms. Barton's favor, there can be no finding of ill practices on the part of the attorney. Accordingly, we affirm that portion of the Family Court's judgment sustaining the peremptory exception raising the objection of res judicata.

SANCTIONS
To impose sanctions, a trial court must find that one of the affirmative duties imposed by LSA-C.C.P. art. 863 has been violated. Article 863 provides, in pertinent part:
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
. . . .
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
Article 863 imposes an obligation on litigants and their attorneys to make an objectively reasonable inquiry into the facts and law; subjective good faith will not satisfy this duty of reasonable inquiry. Connelly v. Lee, 96-1213, p. 4 (La.App. 1st Cir.5/9/97), 699 So.2d 411, 414, writ denied, 97-2825 (La.1/30/98), 709 So.2d 710. The article does not empower a trial court to impose sanctions simply because a particular argument or ground for relief is subsequently found to be unjustified; failure to prevail does not trigger an award of sanctions. Article 863 is intended to be used only in exceptional circumstances; where there is even the slightest justification for the assertion of a legal right, sanctions are not warranted. Tubbs v. Tubbs, 96-2095, p. 7 (La.App. 1st Cir.9/19/97), 700 So.2d 941, 945.
A trial court's determination regarding the imposition of sanctions is subject to the manifest error or clearly wrong standard of review. Once the trial court finds a violation of Article 863 and imposes sanctions, the determination of the type and/or the amount of the sanction is reviewed on appeal utilizing the abuse of discretion standard. Connelly, 699 So.2d at 414.
The Family Court imposed sanctions on Ms. Barton and her attorney for arguing that Mr. Stroscher's attorney committed ill practice by including language in the consent judgment that did not conform to the parties' stipulations. In written reasons, the Family Court stated:
a cursory examination of the record shows that not only has this matter already been litigated by this Court, but the court found specifically that the language of "no prior act evidence" did in fact conform with the judgment. It is clear that counsel for Ms. Barton failed *527 to make an objective reasonable inquiry into the facts of this case as required by LSA-C.C.P. art. 863, for if he had, there is no possibility he could have, in good faith, made such an allegation. (Emphasis in original.)
After review, we find no manifest error in the Family Court's decision to impose sanctions against Ms. Barton. The issue of whether erroneous language was inserted in the judgment was previously litigated. Although Ms. Barton clearly disagrees with the Family Court's judgment on that issue, she did not seek review thereof. Consequently, there is no basis for the allegation of ill practices by Mr. Stroscher's attorney. Ms. Barton's subjective belief that she did not agree to the "no prior act evidence" clause contained in the judgment is no defense.
Finally, we find no abuse of discretion in the amount of sanctions imposed. The portion of the Family Court's judgment imposing sanctions against Ms. Barton is affirmed.

MOTION TO RETURN BRIEF
Mr. Stroscher has filed, with this court, a motion to return Ms. Barton's appeal brief and for sanctions, which was referred to the merits of this appeal. Mr. Stroscher argues Ms. Barton's brief contains unacceptable language in violation of Rule 2-12.4 of the Uniform RulesCourts of Appeal, which provides, in pertinent part:
The language used in the brief shall be courteous, free from vile, obscene, obnoxious, or offensive expressions, and free from insulting, abusive, discourteous, or irrelevant matter or criticism of any person ... or any court, or judge or other officer thereof .... Any violation of this Rule shall subject the author, or authors, of the brief to punishment for contempt of court, and to having such brief returned.
The language Mr. Stroscher objects to is contained in a footnote and in the brief's conclusion. In the footnote, Ms. Barton offers her thoughts on the equities of rule day in Family Court and the "socalled `consent' judgments" that are sometimes entered on rule day. Ms. Barton's conclusion consists of three paragraphs on the topic of domestic violence and her belief that those who commit domestic violence continue to do so through the court system, "with the full weight of the judicial system behind [them]."
The acrimony in this bitter dispute is evident. However, the language of Ms. Barton's brief is inappropriate, discourteous and insulting. In the interest of judicial efficiency, we decline to return Ms. Barton's brief. However, we grant the motion for sanctions and order that footnote 1 on page 4 and the entire conclusion on page 23 of Ms. Barton's brief be stricken. In representing their clients, attorneys must act within the bounds of professionalism.[4] We condemn the sort of *528 unprofessional conduct evidenced in the brief submitted to this court. It is clearly inappropriate and unprofessional for Mr. Ducote and Ms. Nyman[5] to utilize Ms. Barton's appellate brief as a platform for casting aspersions on the integrity of the Family Court and the judiciary.

CONCLUSION
For the reasons set forth herein, the judgment of the Family Court is affirmed. The motion for return of appeal brief and for sanctions is affirmed in part. Costs of this appeal are assessed to Cynthia Barton.
AFFIRMED; MOTION TO RETURN BRIEF AND FOR SANCTIONS GRANTED IN PART.
WHIPPLE, J., concurs.
NOTES
[1] Hon. Philip C. Ciaccio, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] That judgment is now final. Its validity is not before this court.
[3] In her assignment of error on this issue, Ms. Barton contends the Family Court erred in imposing sanctions against her and her counsel. However, Mr. Ducote has not appealed. Accordingly, the propriety of the Family Court's decision to impose sanctions on Mr. Ducote is not before us and will not be addressed herein.
[4] For an excellent discussion of this, see Judge (now Justice) Weimer's concurring opinion in In re Fournet, 98-1510 (La.App. 1st Cir.9/24/99), 757 So.2d 689, wherein he set forth, in footnote 1, the following:

It should be noted that the "zealous advocate" concept is no longer part of the Rules of Professional Conduct as stated in Michael H. Rubin and Judge Brady M. Fitzsimmons, Simply Complying with the Rules of Ethics Doesn't Make You an Ethical Lawyer, in In Our Own Words: Reflections on Professionalism in the Law, 95-97 (Louisiana Bar Foundation 1998):
The `zealous advocate' concept is at the heart of most arguments why attorneys are allowed to behave in certain ways. In an adversary system, this arguments asserts, the attorney's primary duty is to the client. If the client's interests are paramount then certain behavior not only must be tolerated, it must be encouraged; the `zealous advocate' provisions of the former Code of Professional Responsibility made this explicit. Canon 7 was entitled, "A Lawyer Should Represent A Client Zealously Within the Bounds of the Law."
. . . .
[However, w]hen the Code of Professional Responsibility was being transformed into the Rules of Professional Conduct, the ABA's drafting committee debated the zealous lawyer standard and deleted it. The result of the debate was that Model Rule 1.3, which Louisiana adopted, omitted any reference to "zeal" and substituted instead the maxim that a "lawyer shall act with reasonable diligence and promptness in representing a client." The ABA's Official Comment to Model Rule 1.3 actually seems to broaden the black letter law of the rule and states that a lawyer should "act with zeal in advocacy upon the client's behalf." The tension between the ABA Model Rule and the Comment is noted but not resolved in the ABA's own "comparison" section which recognizes that the Comment is "less neutrally worded" than the Rule. Louisiana did not adopt the ABA's Official Comment to Model rule 1.3 (Footnotes omitted.)
[5] After the brief was filed, Ms. Barton filed and this court granted a motion substituting co-counsel and striking Ms. Nyman's name from the record. However, the brief containing the offensive language bears the names of Mr. Ducote and Ms. Nyman and appears to have been signed by Ms. Nyman. Thus, it is appropriate that Ms. Nyman, as well as Mr. Ducote, is reprimanded herein.