978 So.2d 413 (2007)
Ivory W. JOHNSON
v.
HARMONY, L.L.C.
No. 2005 CA 0994.
Court of Appeal of Louisiana, First Circuit.
December 21, 2007.
Writ Denied March 14, 2008.
*414 Milton Osborne, Jr., Baton Rouge, LA, for Appellants, Ivory W. Johnson and Milton Osborne, Jr.
Charles J. Duhe, Jr., Brent Michael Steier, Baton Rouge, LA, for Appellee, Harmony, L.L.C.
Before PARRO, KUHN and DOWNING, JJ.
KUHN, J.
Claimant-appellant, Ivory W. Johnson, and his attorney, Milton Osborne, Jr., appeal the ruling of the Office of Workers' Compensation (OWC), awarding sanctions under La. C.C.P. art. 863[1] in favor of *415 defendant-appellee, Harmony, L.L.C., after the grant of exceptions raising objections of res judicata and prescription. The grant of the exceptions was based on an OWC-approved settlement[2] Johnson had entered into with third-party defendants in his tort claims arising out of the same operative facts that gave rise to his workers' compensation claims. According to the plain language of the settlement, Johnson "discharged" Harmony, L.L.C. from, among other things, all "past, present or future indemnity benefits [and] medical expenses . . . alleged to have been sustained . . . while on the premises at Georgia Gulf Corporation" in connection with a chemical exposure in September 1996.
Appellants initially attempted to challenge the settlement. But the settlement, approved by an OWC-issued judgment on October 29, 1999, is no longer appealable since the delays for challenging it have lapsed. See La. C.C.P. art.2087. Therefore, the 1999 judgment has acquired the authority of the thing adjudged, and this court is without jurisdiction to alter it. See Brown v. Harmony, L.L.C., 05-0747, p. 4 (La.App. 1st Cir.3/24/06), 934 So.2d 99, 101.
Appellants next urge that the OWC erred in failing to consider their challenge of the settlement as a good-faith argument precluding the imposition of sanctions. A trial court's determination regarding the imposition of sanctions is subject to the manifest error or clearly wrong standard of review. Stroscher v. Stroscher, 01-2769, p. 8 (La.App. 1st Cir.2/14/03), 845 So.2d 518, 526.
At the hearing, the OWC judge expressly stated,
I can't see why the claimants in these cases,[3] number one, [pursued] their claims in [the OWC tribunal]; and number two, even if they didn't have the settlement documents that they signed with their attorneys in the tort cases where they received rather large settlements, why they continued to pursue these cases even though action [was] being taken by Harmony [L.L.C.] to involuntarily dismiss the cases through exceptions of prescription and . . . res judicata. . . .
[T]hese claimants had benefit of counsel during [these cases]. . . . Even if Mr. Osborne wasn't involved when the [workers' compensation] claims were filed, they could have gotten Mr. Osborne's advice . . . that these claims shouldn't be pursued. They should be dismissed voluntarily, not just let them sit on the docket and make [Harmony L.L.C.] have to go through all the different motions to have them dismissed and go through all the different expenses when [it was] clear that there [was] no case based upon prescription, res judicata, [and] the settlement. . . .
[The claimants] basically filed their 1008's and let the cases go through the proceedings here without ever giving a good faith indication as to what they *416 were seeking [or] giving any type of good faith arguments as to why their claims should remain pending. . . . (Footnote added.)
At the hearing, Osborne conceded that he realized that his client did not have the right to pursue the workers' compensation claim against Harmony, L.L.C. prior to the hearing on the prescription and res judicata exceptions. Thus, a reasonable factual basis exists to support the imposition of sanctions, and the OWC was not manifestly erroneous in so doing.
Lastly, appellants contend that the award of $2,600.45 was excessive. The determination of the type and/or the amount of the sanction is reviewed on appeal utilizing the abuse of discretion standard. Stroscher, 01-2769 at p. 8, 845 So.2d at 526. The OWC concluded that the amount of attorney's fees that Harmony, L.L.C. incurred in defending the claim was appropriate. Admitted into evidence was an itemized bill detailing the work undertaken which amounted to $2,100.45, which was charged to Harmony, L.L.C. Testimonial evidence established that the legal fees had actually been paid. An additional $500 was awarded for the legal fees incurred by Harmony, L.L.C. in conjunction with the hearing on the sanctions. Based on the documentary and testimonial evidence, the OWC did not abuse its discretion in awarding $2,600.45 in sanctions against claimant and his attorney.
For these reasons, the ruling of the OWC imposing sanctions against claimant, Ivory W. Johnson, and his attorney, Milton Osborne, Jr., is affirmed. This opinion is issued in compliance with La. U.R.C.A. Rule 2-16.1.B. Appeal costs are assessed against appellants.
AFFIRMED.
NOTES
[1] La. C.C.P. art. 863 provides:

A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is wan-anted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.
F. A sanction authorized in Paragraph D shall not be imposed with respect to an original petition which is filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier.
[2] See La. R.S. 23:1272.
[3] The record establishes that several workers exposed to chemicals in September 1996 at the Georgia Gulf Corporation premises filed 1008 forms with the OWC naming Harmony, L.L.C. as a defendant subsequent to their respective settlements with third-party tortfeasors. Apparently, in each case claimants had discharged all claims against Harmony, L.L.C. in the settlement, and each was represented by Osborne.