RUTH A. TRAHAN
v.
EAST BATON ROUGE RECREATION AND PARK COMMISSION (BREC) AND BOARD OF TRUSTEES OF THE EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF BATON ROUGE AND PARISH OF EAST BATON ROUGE.
No. 2007 CA 0500.
Court of Appeal of Louisiana, First Circuit.
December 21, 2007.
NOT DESIGNATED FOR PUBLICATION.
NANCY PICARD, JULIE RICHARD-SPENCER, Counsel for Plaintiff/Appellant, Ruth A. Trahan.
MURPHY J. FOSTER, III, A. TODD CARUSO, Counsel for Defendant/Appellee, The Recreation and Park Commission for the Parish of East Baton Rouge (BREC).
Before GAIDRY, McDONALD, and McCLENDON, JJ.
McCLENDON, J.
Plaintiff appeals a trial court judgment sustaining defendant's peremptory exception raising the objection of no right of action. For the reasons that follow, we vacate the judgment and remand.

FACTUAL AND PROCEDURAL HISTORY
Ruth Trahan was employed by the Baton Rouge Recreational and Parks Commission ("BREC") in the 1980s as an exercise instructor and playground director. In 1992, she became a supervisor of the BREC center in Baker and served in that capacity until her resignation in May 1998. Ms. Trahan was rehired by BREC in August 1998 to serve as the supervisor for the Church Street recreational center in Zachary. She ultimately was terminated by BREC in October 2003.
Although her hours varied and she was classified as a "part-time" employee, Ms. Trahan claims that she typically worked more than 30 hours per week during most of her employment with BREC. She maintains that she and other employees had been informed by BREC officials that only full-time employees working 40 hours per week were eligible to participate in the Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge ("Retirement System").
In April 2003, Ms. Trahan and other BREC employees were advised that some part-time employees would be reclassified as full-time, while others, including Ms. Trahan, would be restricted to working a maximum of 29 hours per week. This change in policy perplexed Ms. Trahan. She subsequently discovered that employees who normally worked at least 30 hours per week for at least five months of the year had been eligible to participate in the Retirement System. She concluded that BREC' s new policy limiting part-time employees to 29 hours per week was intended to exclude certain employees from participating in the retirement system and to veil BREC's past non-compliance with the 30-hour threshold.
Consequently, Ms. Trahan began questioning BREC about its retirement policy. She claims that her termination in October 2003 stemmed from her repeated inquiries regarding her and other employees' entitlement to participate in the Retirement System.
In October 2004, Ms. Trahan filed suit against BREC and the Retirement System, claiming that she and a class of others similarly situated were entitled to receive Retirement System credits for their years of service and that BREC was liable for payment of all back contributions due on their behalf. She also asserted individual claims pursuant to LSA-R.S. 23:967, the whistleblower statute, and LSA-R.S. 23:631-32, for unpaid wages and sick leave.
BREC responded to Ms. Trahan's suit by filing a peremptory exception raising the objection of no cause of action, or alternatively, a dilatory exception raising the objection of prematurity and a peremptory exception objecting to the improper use of a class action. Similarly, the Retirement System also filed a dilatory exception raising the objection of prematurity and a peremptory exception alleging the improper use of a class action. The crux of the defendants' objection of prematurity was that Ms. Trahan had not pursued the requisite administrative procedures because she had failed to first submit her claims regarding retirement membership, credits, and benefits to the Retirement System's Board of Trustees ("Board"), as required by law.
In January 2005, Ms. Trahan filed a motion for class certification pursuant to LSA-CCP art. 592. Prior to entertaining the motion, the trial court conducted a hearing on the defendants' various exceptions, and on February 15, 2005, the trial court signed a judgment sustaining the defendants' dilatory exceptions raising the objection of prematurity and dismissing, without prejudice, Ms. Trahan's claims "regarding retirement issues, including her claims for membership in, service credits ... and retirement benefits under" the Retirement System. The trial court further "denied as moot" the defendants' peremptory exceptions. Consequently, the March 7, 2005 hearing on Ms. Trahan's motion for class certification was "passed without date."
Thereafter, Ms. Trahan presented her claims to the Retirement System's Board. However, before the Board had rendered its decision, Ms. Trahan filed a Supplemental and Amending Petition. Consequently, BREC reasserted its dilatory exception raising the objection of prematurity. It also pleaded the peremptory exception raising the objections of no cause of action and no right of action. In a judgment signed on February 1, 2006, the trial court sustained the dilatory exception based on the objection of prematurity and once again dismissed, without prejudice, Ms. Trahan's "claims for membership in, service credits under and retirement benefits under" the Retirement System. The judgment further denied as moot BREC's peremptory exception.
Shortly thereafter, the Board rendered a decision denying Ms. Trahan's request for retirement credits. On May 9, 2006, Ms. Trahan resumed litigation of her claims by filing a Second Supplemental and Amending Petition. In her suit, Ms. Trahan essentially claims: 1) that she and others similarly situated are entitled to Retirement System credits; 2) that she and others similarly situated are entitled to damages due to BREC's misrepresentation of the Retirement System; 3) that she and others similarly situated are entitled to damages due to BREC's breach of its fiduciary duty to provide employees with correct information regarding the retirement system; 4) that she is entitled to relief under LSA-R.S. 23:967, the whistleblower statute; and 5) that she is entitled to recover for unpaid wages and sick leave pursuant to LSA-R.S. 23:631-32.
In response, BREC filed a peremptory exception raising the objections of no cause of action, no right of action, and prescription. It argued that Ms. Trahan's claims for membership in, service credits under, and retirement benefits under the Retirement System did not state a cause of action against BREC, but rather against the Retirement System.
BREC also argued that Ms. Trahan's claims that BREC breached its fiduciary duty to provide its employees with Retirement System "booklets" and/or notice likewise failed to state a cause of action, because no such legal duty exists. BREC further argued that Ms. Trahan had no cause of action under the whistleblower statute, LSA-R.S. 23:967, because she had failed to allege the violation of any state law.
As to Ms. Trahan's claim that BREC misrepresented which employees were entitled to participate in the Retirement System, BREC maintained that such a claim was prescribed on the face of her petition.
Finally, BREC directed its objection of no right of action solely to Ms. Trahan's "claims for class action status." BREC argued that because Ms. Trahan had no cause of action against BREC, it necessarily follows that she has no right of action to institute a class action suit against it, or to act as the representative of any class that might possibly have a claim against BREC. Hence, BREC's entire argument in support of its objection of no right of action was premised upon its claim that Ms. Trahan had no cause of action against BREC.
Following a hearing, the trial court sustained BREC's peremptory exception raising the objection of no right of action and deferred ruling on the peremptory exception raising the objections of no cause of action and prescription pending further discovery. Thus, in this appeal, taken by Ms. Trahan, the only matter that is before us is the peremptory exception raising the objection of no right of action as to her class action claims.[1]

DISCUSSION
On appeal, Ms. Trahan argues that the sole basis of BREC's objection of no cause of action was that Ms. Trahan did not have a cause of action against BREC. Accordingly, she urges that, because the trial court deferred ruling on, and thus has not yet decided the objection of no cause of action, it had absolutely no basis on which to grant BREC's objection of no right of action as to her class action claims.
We find merit in her argument and conclude that it was error for the trial court to sustain the objection of no right of action without first addressing whether or not a cause of action exists. Therefore, we vacate the judgment and remand the matter for a rehearing so that the trial court may decide upon the objection of no cause of action as a condition precedent to adjudicating the objection of no right of action in this particular matter and, thereafter, to hold a hearing on the motion for class certification, if appropriate.
In so doing, we further note that it was error for the trial court to defer ruling on the peremptory exception raising the objection of no cause of action "pending further discovery." The purpose of the peremptory exception raising the objection of no cause of action is to determine the sufficiency in law of the petition, in terms of whether the law extends a remedy to anyone under the petition's factual allegations. Stroscher v. Stroscher, 01-2769, p. 3 (La.App. 1 Cir. 2/14/03), 845 So.2d 518, 523. Generally, no evidence may be introduced to support or controvert the exception. LSA-C.C.P. art. 931. Rather, the exception is triable on the face of the petition, and for the purpose of determining the issues raised by the exception, the court must presume that all well-pleaded facts in the petition are true. City of New Orleans v. Board of Directors of Louisiana State Museum, 98-1170, p. 9 (La. 3/2/99), 739 So.2d 748, 755. Any doubts are resolved in favor of the sufficiency of the petition. Block v. Bernard, Cassisa, Elliott & Davis, 04-1893, p. 9 (La.App. 1 Cir. 11/4/05), 927 So.2d 339, 345.

CONCLUSION
Accordingly, we vacate the judgment of the trial court and remand the matter for a rehearing consistent with the views expressed herein.[2] All costs of this appeal are assessed to BREC.
JUDGMENT VACATED; REMANDED.
NOTES
[1] Prior to this appeal, Ms. Trahan filed a writ application in this court, which was denied with the following language:

The trial court's order of September 29, 2006, granting defendants' peremptory exception of no right of action as to class action is an appealable judgment. SeeLSA-C.C.P. art. 592(A)(3)(b). Therefore, it is hereby ordered that this case be remanded to the district court with instructions to grant relator an appeal....
Trahan v. East Baton Rouge Recreation and Park Commission, 2006 CW 2102 (La.App. 1 Cir. 2/7/07).
[2] Pursuant to LSA-C.C.P. art. 934, when the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. However, if the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.