ZACHARY FINANCIAL, INC.
v.
PAULINE B. DARJEAN AND JOHN D. DARJEAN
No. 2008 CA 1655.
Court of Appeals of Louisiana, First Circuit.
February 13, 2009.
Not Designated for Publication
JOHN DALE POWERS, DOUGLAS M. CHAPOTON, Attorneys for Plaintiff-Appellee, Zachary Financial, Inc.
GARTH J. RIDGE, RANDALL A. SHIPP, Attorneys for Defendants-Appellants John D. Darjean and Garth J. Ridge
Before: PARRO, McCLENDON, AND WELCH, JJ.
WELCH, J.
In this suit to collect on a promissory note, the defendant, John D. Darjean, and his attorney of record, Garth J. Ridge, appeal a judgment of the trial court which granted a motion for sanctions filed by Zachary Financial, Inc. ("ZFI") against Mr. Darjean and Mr. Ridge and awarded attorney fees and court costs in favor of ZFI. For reasons that follow, we reverse the judgment of the trial court.

I. FACTUAL AND PROCEDURAL HISTORY
On November 19, 2004, Pauline Darjean borrowed the sum of $4,659.84 from ZFI to purchase furniture and a mattress. The loan was secured by a promissory note and security agreement executed only by Mrs. Darjean. Pursuant to the terms of the agreement, Mrs. Darjean was required to make monthly payments toward the balance of the loan. Eventually, Mrs. Darjean defaulted on the loan, and ZFI made demand for the balance of the loan. When Mrs. Darjean failed to pay the balance on demand, ZFI filed suit on August 14, 2006, against both Mrs. Darjean and her husband, Mr. Darjean. The Darjeans filed an answer, generally denying the allegations of ZFI's petition. On the same date that the Darjeans filed their answer, Mr. Darjean individually filed a motion for summary judgment, asserting that he was not personally liable on the promissory note because he did not sign it; therefore, he sought to be dismissed from the suit with prejudice. By judgment signed on December 13, 2006, the trial court denied Mr. Darjean's motion for summary judgment. Mr. Darjean did not seek review of that judgment.
Thereafter, on August 6, 2007, Mr. Darjean filed another motion for summary judgment, again asserting that he was not personally liable on the promissory note since he did not sign it. However, instead of seeking to be dismissed with prejudice, Mr. Darjean sought to be dismissed without prejudice.[1] ZFI responded to Mr. Darjean's second motion for summary judgment by filing a motion for sanctions, costs, and attorney fees. After a hearing on both the motion for summary judgment and the motion for sanctions, the trial court denied Mr. Darjean's motion for summary judgment, granted ZFI's motion for sanctions, cast Mr. Darjean and his attorney of record, Mr. Ridge, with all court costs incurred by ZFI in defending the second motion for summary judgment, and awarded attorney fees in favor of ZFI in the amount of $500. A written judgment denying Mr. Darjean's second motion for summary judgment was signed on November 2, 2007. A written judgment in conformity with the trial court's rulings with regard to ZFI's motion for sanctions was signed on November 7, 2007, and it is from this judgment that Mr. Darjean and Mr. Ridge have appealed.
On appeal, Mr. Darjean and Mr. Ridge assert that the trial court erred in granting the motion for sanctions and in awarding court costs and attorney fees. Notably, however, during the pendency of this appeal, Mr. Darjean filed an application for supervisory writs seeking to have the November 2, 2007 judgment denying his second motion for summary judgment reviewed by this court. On May 21, 2008, this court denied Mr. Darjean's application for supervisory writs and, pursuant to La. C.C.P. art. 2164, awarded ZFI damages in the amount of $1,500. See Zachary Financial Inc. v. Darjean, XXXX-XXXX (La. App. 1st Cir. 5/21/08) (unpublished writ action), writ granted and reversed, XXXX-XXXX (La. 10/10/08), 992 So.2d 464 (per curiam). However, the supreme court granted a supervisory writ and reversed this court's decision on the writ application. In doing so, the supreme court stated that "[a]lthough La. C.C.P. art. 2164 authorizes an award of damages for frivolous appeals, it does not authorize damages for a frivolous writ application, even if equitable considerations could warrant the same. Furthermore, this relator's argument conceivably is not frivolous." Zachary Financial Inc. v. Darjean, XXXX-XXXX, p. 1 (La. 10/10/08), 992 So,2d 464 (per curiam). It is in this procedural posture that we now review the issue presented by this appeali.e., whether sanctions were warranted against Mr. Darjean and Mr. Ridge for filing the second motion for summary judgment.

II. LAW AND DISCUSSION
To impose sanctions, a trial court must find that one of the affirmative duties imposed by La. C.C.P. art. 863 has been violated. Stroscher v. Stroscher, 2001-2769, p. 8 (La. App. 1st Cir. 2/14/03), 845 So.2d 518, 526. Louisiana Code of Civil Procedure article 863 provides, in pertinent part, as follows:
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
* * *
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
Louisiana Code of Civil Procedure article 863 imposes an obligation on litigants and their attorneys to make an objectively reasonable inquiry into the facts and law; subjective good faith will not satisfy this duty of reasonable inquiry. Stroscher, 2001-2769 at p. 8, 845 So.2d at 526. The article does not empower a trial court to impose sanctions simply because a particular argument or ground for relief is subsequently found to be unjustified; failure to prevail does not trigger an award of sanctions. Id. Louisiana Code of Civil Procedure article 863 is intended to be used only in exceptional circumstances; where there is even the slightest justification for the assertion of a legal right, sanctions are not warranted. Id. A trial court's determination regarding the imposition of sanctions is subject to the manifest error or clearly wrong standard of review. Id.
On appeal, Mr. Darjean and Mr. Ridge contend that they did not violate La. C.C.P. art. 863 when they filed the second motion for summary judgment because the motion was well grounded in fact, warranted by existing law, and not interposed for any improper purpose. Mr. Darjean and Mr. Ridge argue that under La. R.S. 10:3-401 and specific jurisprudence of Louisiana, a spouse who does not sign a promissory note cannot be held personally liable on the note. On the other hand, ZFI contends that sanctions were warranted because Mr. Darjean had previously filed a motion for summary judgment on the same issue, and the trial court had denied that motion; therefore, the second motion for summary judgment was frivolous and not supported by the facts. Accordingly, ZFI argues that pursuant to La. C.C.P. art. 863, the trial court properly imposed sanctions.
In this case, the trial court did not give any reasons for granting ZFI's motion for sanctions. Apparently, however, the trial court had to have concluded that Mr. Darjean and Mr. Ridge violated La. C.C.P. art. 863, because they did not make an objective, reasonable inquiry into the facts; the motion for summary judgment was not well grounded in fact, warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; or the motion was interposed for an improper purpose.
However, after a thorough review of the record and in light of our supreme court's previous action in this case, we find that the trial court was clearly wrong in concluding that imposition of sanctions pursuant to La. C.C.P. art. 863 were warranted in this matter. The motion for summary judgment brought by Mr. Darjean and his counsel asserted that Mr. Darjean was not personally liable on the promissory note because he did not sign the note. In making this argument, Mr. Darjean and Mr. Ridge relied on La. R.S. 10:3-401[2] and the holdings of Finance One of Hon ma, L.L.C. v. Barton, 99-1719 (La. App. 1st Cir. 9/22/00), 769 So.2d 739; First Guaranty Bank v. Alford, 366 So.2d 1299 (La. 1978); and Royal Furniture Co. of Baton Rouge v. Benton, 260 La. 527, 256 So.2d 614 (1972). While Mr. Darjean and Mr. Ridge were not successful in persuading either the trial court or this court that Mr. Darjean was not personally liable for the promissory note because he did not sign it, they were, nevertheless, successful in demonstrating to our supreme court that their argument in this regard was "conceivably ... not frivolous." See Zachary Financial Inc., XXXX-XXXX at p. 1, 992 So.2d at 464. Accordingly, we cannot say that Mr. Darjean's motion for summary judgment was without the slightest justification.
Furthermore, we cannot say that Mr. Darjean or Mr. Ridge brought the motion for summary judgment for any improper purpose, such as to harass ZFI or to cause any needless increase in their cost of litigation. ZFI suggests that Mr. Darjean's second motion for summary judgment was advanced for an improper purpose because it did not advance any new evidence or make any new argument, but instead, reasserted the exact same argument previously denied by the trial court. However, we have not found, nor have we been directed to, any statute or case that precludes a party from filing a second motion for summary judgment after a first motion for summary judgment on the same issue has been denied. Notably, the denial of a motion for summary judgment is an interlocutory judgment that cannot be appealed. See La. C.C.P. arts. 968, 1841, and 2083(C). It is, therefore, subject to change or revision at any time prior to final judgment on the matter. See VaSalle v. Wal-Mart Stores, Inc., XXXX-XXXX, p. 5 (La. 11/28/01), 801 So.2d 331, 334. Accordingly, the jurisprudence of this and other circuits specifically allows a trial court to consider a second motion for summary judgment after a first motion for summary judgment on the same issue has been denied. See Melton v. Miley, 98-1437, p. 4 (La. App. 1st Cir. 9/24/99), 754 So.2d 1088, 1090, writ denied, 99-3089 (La. 1/7/00), 752 So.2d 867; Hargett v. Progressive Inc. Co, XXXX-XXXX (La. App. 4th Cir. 10/29/08), 996 So.2d 1199; and the cases cited therein.
Accordingly, the judgment of the trial court that granted the motion for sanctions filed by ZFI against Mr. Darjean and Mr. Ridge and awarded attorney fees and court costs in favor of ZFI is hereby reversed.

III. CONCLUSION
For all of the above and foregoing reasons, we hereby reverse the November 7, 2007 judgment of the trial court granting ZFI's motion for sanctions against Mr. Darjean and Mr. Ridge, awarding court costs incurred by ZFI in defending the second motion for summary judgment, and awarding attorney fees in favor of ZFI in the amount of $500.
All costs of this appeal are assessed to the plaintiff/appellee, Zachary Financial, Inc.
REVERSED.
McCLENDON, J., concurs with the result.
While I agree with the result reached by the majority, I disagree with the opinion insofar as it might be interpreted to hold that a party has an absolute right to re-file a second motion for summary judgment, identical to the first motion that has been denied, without the risk of sanctions. I believe the law requires some new development in the case prior to the re-filing of the motion on the identical issue.
However, under the specific facts of this case, further discovery took place between the filing of the first motion for summary judgment and the second motion. Further, LSA-C.C.P. art. 863 "is intended to be used only in exceptional circumstances." Stroscher v. Stroscher, 01-2769, p. 8 (La.App. 1 Cir. 2/14/03), 845 So.2d 518, 526. Because of these considerations, I concur in the result reached by the majority.
NOTES
[1] Apparently, Mr. Darjean requested a dismissal without prejudice in his second motion for summary judgment, because he acknowledged the possibility that he could be personally liable for the note in the event his marriage was dissolved and community assets were used to satisfy community obligations.
[2] Louisiana Revised Statutes 10:3-401(a) provides that "[a] person is not liable on an instrument unless (i) the person signed the instrument, or (ii) the person is represented by an agent or representative who signed the instrument and the signature is binding on the represented person under [La.] R.S. 10:3-402."