SCP DISTRIBUTORS, LLC.
v.
JSB NORTHPARK, LLC
JSB NORTHPARK, LLC
v.
SCP DISTRIBUTORS, LLC
No. 2009 CA 0478, Consolidated with No. 2009 CA 0479.
Court of Appeals of Louisiana, First Circuit.
October 27, 2009.
Not Designated for Publication
STEPHEN C. AERTKER, JR., THOMAS H. HUVAL, CHRISTIAN A. SHOFSTAHL, Counsel for Plaintiff/Appellant JSB Northpark, L.L.C.
MICHAEL P. BIENVENU, Counsel for Defendant/Appellee Stirling Properties, L.L.C.
Before: DOWNING, GAIDRY, and McCLENDON, JJ.
GAIDRY, J.
The owner of leased commercial property sued its managing agent and its lessee, alleging the unauthorized construction and installation of an underground fiber optic cable on the property. The trial court sustained a peremptory exception of no cause of action filed by the managing agent, and dismissed the owner's cause of action against the managing agent with prejudice. The owner appeals. For the following reasons, we affirm the judgment sustaining the exception, but vacate that portion of the judgment dismissing the cause of action against the agent, and amend the judgment to permit the owner to amend his petition to allege a cause of action.

FACTUAL AND PROCEDURAL BACKGROUND
On or about April 11, 2005, SCP Distributors, L.L.C. (SCP) leased office space at 114 Northpark Boulevard in Covington, Louisiana, from Northpark Properties, L.L.C, the owner of that immovable property. Less than a year later, on January 6, 2006, JSB Northpark, L.L.C. (JSB) purchased the property, still under lease to SCP. On March 1, 2006, JSB entered into an annual management agreement with Stirling Properties, Inc. (Stirling), under the terms of which Stirling was granted the exclusive right to manage, operate, and lease the property on a day-to day basis. Stirling had previously served as the managing agent of the property for Northpark Properties, L.L.C, before the sale.
Stirling was also the owner of immovable property located at 109 Northpark Boulevard, across the boulevard from JSB's property. Stirling had previously leased its property to SCP. SCP had apparently discussed with Stirling a proposal to run fiber optic cable connecting its leased premises at 109 Northpark Boulevard with its information technology (IT) department, located on JSB's property. SCP and Stirling agreed to share the costs of the proposed venture, and the cable installation was complete by September 2006.
JSB subsequently discovered the existence of the fiber optic cable on its property and sent a letter to SCP notifying it that it was in default and in breach of the terms of the lease, based upon the construction and placement of the fiber optic cable without its permission as owner.
On July 17, 2007, SCP filed a petition seeking injunctive relief and damages against JSB, based upon JSB's threatened action to cut the fiber optic cable. On August 23, 2007, JSB filed a petition for declaratory judgment and breach of lease against SCP. In its petition, it sought declaratory judgment that it was not bound by the terms of SCP's prior lease with Northpark Properties, L.L.C, or, alternatively, that SCP had breached the terms of the lease by altering the leased premises without JSB's prior written consent. JSB also alleged that it suffered damages by reason of "the defendants' [sic] willful and bad faith breach of the contract" and "negligence in failing to secure prior written approval to alter the premises." A copy of the lease was attached as an exhibit to JSB's petition. The two actions were later consolidated for purposes of trial.
On July 3, 2008, JSB filed an amended petition, adding Stirling as a defendant. In addition to re-alleging the allegations of its original petition, it alleged that Stirling acted as its property manager, but in that capacity was neither to enter into contracts on JSB's behalf nor to authorize construction without JSB's consent. It further alleged that Stirling approved and participated in the cable's construction, without either actual or apparent authority, and exceeded its contractual authority by doing so. Finally, JSB alleged that Stirling's actions contributed to the damages described in the original petition.
Stirling filed a combined answer and peremptory exception of no cause of action on August 27, 2008. Following a change in counsel, Stirling filed a second answer to the original and amended petitions on September 25, 2008.
Stirling's peremptory exception of no cause of action was heard on November 5, 2008. Following argument, the trial court ruled in favor of Stirling, sustaining its exception and refusing to allow JSB the opportunity to amend its petition. Its judgment sustaining the exception and dismissing JSB's claims against Stirling with prejudice was signed on November 12, 2008. JSB now appeals.

DISCUSSION
The objection that a petition fails to state a cause of action is properly raised by the peremptory exception. La. C.C.P. art. 927(A)(4). A trial court's judgment sustaining the peremptory exception of no cause of action is subject to de novo review by an appellate court, employing the same principles applicable to the trial court's determination of the exception. See Stroscher v. Stroscher, 01-2769, p. 3 (La. App. 1st Cir. 2/14/03), 845 So.2d 518, 523. For purposes of determining the issues raised by a peremptory exception of no cause of action, the well-pleaded facts in the petition must be accepted as true, and the court must determine if the law affords the plaintiff a remedy under those facts. Id. Any doubts are resolved in favor of the sufficiency of the petition. Id.
The purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the petition, in terms of whether the law extends a remedy to anyone under the petition's factual allegations. Id. A "cause of action," as used in the context of the peremptory exception, means the operative facts which give rise to the plaintiffs right to judicially assert the action against the defendant. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1238 (La. 1993). Generally, no evidence may be introduced to support or controvert the exception of no cause of action. La. C.C.P. art. 931.
Louisiana Code of Civil Procedure article 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.
(Emphasis added.)
A copy of the management agreement between JSB and Stirling was attached as an exhibit to JSB's amended petition. A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes. La. C.C.P. art. 853. Under the terms of the management agreement, Stirling was required to "consult with [JSB] and keep [JSB] advised as to all major or extraordinary matters and decisions affecting the [p]roperty." Stirling was also required to handle, among other tasks, such "maintenance," "alterations," and "improvements" to the property "as [were] customarily made in the operation of properties of the kind, size and quality of the [p]roperty." The foregoing work by Stirling was to be performed at JSB's expense. However, the management agreement required JSB's prior written approval for any "alterations, additions or improvements involving a fundamental change in the character of the [p]roperty or constituting a major new construction program" or any work requiring "unbudgeted expenditure in excess of $2,500 per item." The agreement also provided that Stirling would "not be liable to [JSB] for any error in judgment, nor for any good faith act or omission in the execution of [the] [a]greement."
Stirling emphasizes that JSB's allegation that it exceeded its authority as JSB's managing agent by approving SCP's construction of the underground cable was not an allegation of material fact, but rather a statement of conclusory fact as to the ultimate issue before the trial court. Stirling further contends that JSB failed to adequately allege any facts tending to establish that any alleged breach of the management agreement by Stirling was in bad faith, as required by the agreement. Thus, Stirling contends, the absence of specific factual allegations establishing a factual foundation for any actionable breach of its duty to JSB supports the trial court's judgment.
While we agree that the factual allegations are presently insufficient to state a cause of action against Stirling, we conclude that the trial court committed an abuse of its discretion and legal error in failing to allow JSB to amend its petition to remove the grounds of the objection. See Ramey v. DeCaire, 03-1299, pp. 9-10 (La. 3/19/04), 869 So.2d 114, 119-20. If a petition's allegations are merely conclusory and fail to specify the acts that establish a cause of action, then the trial court should permit the plaintiff the opportunity to amend the petition. Badeaux v. Southwest Computer Bureau, Inc., 05-0612, p. 11 (La. 3/17/06), 929 So.2d 1211, 1219. While JSB has already amended its petition once, Stirling was first named as defendant in that amended petition. The language of La. C.C.P. art. 934 does not limit a plaintiff to a single amendment of his petition. Ramey, 03-1299 at p. 9, 869 So.2d at 119.
In short, we cannot conclude as a matter of law, based upon the allegations of JSB's petition and its incorporated exhibits, that JSB cannot remove the grounds of Stirling's objection by amendment of its petition. JSB should therefore be afforded a fair opportunity to cure the grounds of Stirling's objection by alleging material facts supporting a cause of action against Stirling.
We accordingly affirm the trial court's judgment in part insofar as it sustains the exception of no cause of action, but vacate the dismissal of JSB's action against Stirling and amend the judgment in part to provide that JSB is ordered to amend its petition to state a cause of action against Stirling within thirty days of the date of this decision, in default of which its action shall be dismissed as against Stirling. All costs of this appeal are assessed to the defendant-appellee, Stirling Properties, L.L.C.
AFFIRMED IN PART AND VACATED AND AMENDED IN PART.
McCLENDON, J., concurs and assigns reasons.
I concur with the majority's conclusion that the petition was erroneously dismissed. However, I write separately to state my opinion that the factual allegations, although minimal, were sufficient to state a cause of action.