GAIDRY, J.
 

 |3Plaintiffs take this appeal from a trial court judgment sustaining a declinatory exception raising the objection of lack of jurisdiction, and a peremptory exception raising the objections of no cause of action and no right of action, and dismissing plaintiffs’ suit, with prejudice. We affirm.
 

 FACTS AND PROCEDURAL BACKGROUND
 

 On February 11, 2009, plaintiffs, Mary B. Triplett, Deborah Ross, Pearl Porter, Edwin W. Lee, and Viki Guillot, filed a petition seeking injunctive and declaratory relief. The Louisiana State Board of Elementary and Secondary Education (BESE), the Louisiana Department of Education (DOE), and the State of Louisiana, through Attorney General James D. Caldwell (State), were named as defendants. According to the petition, in January 2009, BESE approved the recommendation of Paul Pastorek, the Superintendent of DOE, that eight schools be transferred from the control of the East Baton Rouge Parish (EBRP) School Board to the Recovery School District (RSD), effective July 1, 2009.
 
 [1]
 
 In their suit, plaintiffs sought a preliminary injunction enjoining the transfer of the eight schools “until such time [that] the defendants construct a school facility to comply with governing law and provide an alternative school.” The basis for this demand is plaintiffs’ allegation that BESE and the RSD are in direct violation of La. R.S. 17:416.2 A(l), because the RSD has not established an alternative school for suspended or expelled students. Additionally, plaintiffs sought a permanent injunction enjoining transfer of the schools, as well as a declaratory judgment that La. R.S. 17:1990 AQL) & (2), La. R.S. 17:1990 B(l)(b), and La. R.S. 17:1990 B(4)(a), which provide variously for |4the creation of the RSD, its operation and expenditure of funds, are unconstitutional as applied to plaintiffs.
 

 Plaintiffs subsequently filed an ex parte motion to dismiss the DOE from this suit on the grounds that BESE, rather than the DOE, was the proper party against whom their demands for relief should be asserted. The trial court granted plaintiffs’ motion and dismissed the DOE from these proceedings.
 

 The State, through the Attorney General, filed a peremptory exception of no cause of action asserting it should be dismissed from this suit because, although state law provides for service on the Attorney General when a statute is alleged to be
 
 *406
 
 unconstitutional,
 
 [2]
 
 - no legal basis exists to hold it liable to plaintiffs. In addition, all defendants jointly filed a declinatory exception raising the objection of lack of jurisdiction directed to plaintiffs’ demand for injunctive relief compelling defendants to construct and maintain an alternative school. They also filed a peremptory exception raising the objections of no cause of action, no right of action, and failure to join an indispensable party (the EBRP School Board).
 

 A hearing was held on the exceptions on February 26, 2009. During the hearing, plaintiffs made an oral motion for leave to amend their petition, which the trial court denied. Since there was no objection to the exception of no cause of action filed by the Attorney General, on behalf of the State, the trial court sustained that exception. The court then took the remaining exceptions under advisement.
 

 On March 12, 2009, the trial court issued a written judgment sustaining the exception of no cause of action filed on behalf of the State, through the Attorney General, and dismissed it as a party in this suit. On the |fisame date, the trial court issued a second written judgment that sustained the exception of lack of jurisdiction, the exception of no cause of action, and the exception of no right of action filed by BESE, and dismissed plaintiffs’ suit with prejudice. In view of these rulings, the trial court concluded the exception of failure to join an indispensable party was moot.
 

 Plaintiffs did not appeal the judgment dismissing the State, through the Attorney General. However, they have appealed the judgment sustaining BESE’s exceptions and dismissing this matter, with prejudice. On appeal, plaintiffs raise four assignments of error alleging that the trial court erred in: (1) sustaining BESE’s exceptions without allowing plaintiffs an opportunity to amend their petition; (2) refusing to issue a preliminary injunction; (3) ruling on BESE’s exceptions after concluding it lacked subject matter jurisdiction to adjudicate the same; and (4) sustaining the exception of no right of action.
 

 DEMAND FOR INJUNCTIVE RELIEF
 

 Plaintiffs contend the trial court erred in sustaining BESE’s exceptions of lack of jurisdiction and no cause of action without allowing them an opportunity to amend. They maintain they are entitled under La. C.C.P. arts. 932 and 934 to an opportunity to amend their petition.
 

 Louisiana Revised Statutes 17:416.2 A(l) requires that the governing authority of a school system that suspends or expels a student shall retain supervision over that student using “alternative education programs.” Alleging that the RSD does not have an alternative school, plaintiffs sought injunctive relief in their petition to enjoin the transfer of the eight schools from the EBRP school system to the RSD and compelling defendants “to construct and independently maintain an alternative school, in compliance with LA. REV. STAT. § 17:416.2.” Defendants responded by filing an | f,exception asserting the trial court lacked jurisdiction under La. C.C.P. art. 3601 A to consider injunctive relief compelling construction of an alternative school. This provision states that:
 

 An injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law; provided, however, that no court shall have jurisdiction to issue, or cause to be issued, any temporary restraining order, preliminary in
 
 *407
 
 junction, or permanent injunction against any state department, board, or agency, or any officer, administrator, or head thereof, or any officer of the state of Louisiana in any suit involving the expenditure of public funds under any statute or law of this state to compel the expenditure of state funds when the director of such department, board, or agency or the governor shall certify that the expenditure of such funds would have the effect of creating a deficit in the funds of said agency.... (Emphasis added.)
 

 Attached to their declinatory exception, defendants submitted affidavits from both the Superintendent of the DOE and the President of BESE stating there were no monies in their current budgets set aside for constructing or maintaining an alternative school. Further, the affidavits certified that an injunction compelling the DOE or BESE to construct and maintain an alternative school, as prayed for in plaintiffs’ petition, would have the effect of creating deficits in their respective budgets. On the basis of these affidavits, the trial court ruled it lacked “jurisdiction on the request for injunctive relief (on the issue of the construction of alternative schools),” and sustained the exception of lack of jurisdiction.
 

 On appeal, plaintiffs do not contest the correctness of the trial court’s ruling. Instead, they assert the trial court erred in sustaining the exception without allowing them an opportunity to amend. They allege they could have amended the petition to pray for compliance with La. R.S. 17:416.2 A(l) in a number of ways that would not have caused budget deficits. At oral argument, plaintiffs’ counsel indicated that, if given an | opportunity to amend, plaintiffs would pray that BESE be compelled to comply with La. R.S. 17:416.2 A(l) by providing alternative education programs, rather than by constructing an alternative school. Plaintiffs maintain they were clearly entitled to an opportunity to amend under La. C.C.P. art. 932.
 

 It is true that La, C.C.P. art. 932 A requires that a party be given an opportunity to amend their petition when the grounds of a declinatory exception can be removed by amendment. However, La. C.C.P. art. 932 B clearly provides that a demand should be dismissed if the grounds of the objection cannot be removed. Thus, in instances where there is no way in which a petition can be amended to provide a court with subject matter jurisdiction over a claim, the trial court is not required to allow an amendment.
 
 See Hawthorne v. Couch,
 
 40,162, p. 8 (La. App.2d Cir.9/21/05), 911 So.2d 907, 911-12.
 

 In the instance case, we find no error in the trial court’s refusal to allow plaintiffs an opportunity to amend. Any new alternative education program that the trial court might order BESE to institute by issuing a mandatory injunction undoubtedly would require the expenditure of funds to setup, maintain, and operate the program. The affidavits submitted by BESE indicate there were no monies in the budgets of either the DOE or BESE “for the cost of constructing or maintaining an alternative school.” Accordingly, plaintiffs could not have amended their petition in such a way as to provide the trial court with jurisdiction over plaintiffs’ request for mandatory injunctive relief.
 

 Moreover, even if plaintiffs were able to amend their petition in such a manner as to negate the jurisdictional defect existing under La. C.C.P. art. 3601 A, it would be to no avail, since we can conceive of no way that | Rplaintiffs can state a cause of action against BESE, the only defendant remaining in this suit, for the injunctive relief they seek.
 

 
 *408
 
 In ruling on an exception of no cause of action, the court must determine whether the law affords any relief to the claimant if he proves the factual allegations in the petition at trial.
 
 United Teachers of New Orleans v. State Board of Elementary and Secondary Education,
 
 07-0031, p. 9 (La.App. 1st Cir.3/26/08), 985 So.2d 184,193. The exception is triable on the face of the petition.
 
 See
 
 La. C.C.P. art. 931. Moreover, for purposes of deciding the exception, all well-pleaded facts in the petition must be accepted as true.
 
 United Teachers,
 
 07-0031 at p. 8, 985 So.2d at 192.
 

 If the grounds of the objection of no cause of action can be removed by amendment, the plaintiff should be given an opportunity to amend the petition. However, if the grounds of the objection cannot be so removed, the action should be dismissed.
 
 See
 
 La. C.C.P. art. 934;
 
 United Teachers,
 
 07-0031 at p. 9, 985 So.2d at 193. The decision whether to allow amendment is within the sound discretion of the trial court.
 
 Stroscher v. Stroscher,
 
 01-2769, p. 4 (La.App. 1st Cir.2/14/03), 845 So.2d 518, 523.
 

 Under La. R.S. 17:416.2 A(l), suspended or expelled students shall remain under the supervision of the governing authority of the school system taking such action using alternative education programs that are approved by BESE. Thus, the duty to provide alternative education programs is placed on the governing authority of the school system that suspended or expelled the student, with BESE’s duty being only to approve the alternative education programs. The allegations of plaintiffs’ petition relate to students suspended or expelled by the RSD. Louisiana Revised Statutes 17:1990 A(2) provides that the RSD is to be administered by the DOE. Thus, BESE does not have a duty under La. R.S. 17:416.2 A(l) to provide an alternative ^program for students suspended or expelled by the RSD. Therefore, plaintiffs cannot state a cause of action for mandatory injunctive relief against BESE compelling it to provide such a program for students suspended or expelled by the RSD.
 

 The trial court also held that the petition failed to state a cause of action as to plaintiffs’ demand for injunctive relief to enjoin the transfer of the schools until construction of an alternative school, because nothing in La. R.S. 17:416.2 mandated construction or maintenance of an alternative school. The court observed that this provision merely required that suspended or expelled students remain under the supervision of the school system that suspended or expelled them “using alternative education programs.” The court did not allow plaintiffs an opportunity to amend their petition.
 

 Based on our de novo review, we agree that plaintiffs’ petition failed to state a cause of action against BESE on this claim. Plaintiffs’ demand for injunctive relief to enjoin the transfer of the schools until an alternative school is constructed is based on La. R.S. 17:416.2 A(l). However, as noted by the trial court, this provision does not require a school system to construct an alternative school. Therefore, the petition sets forth no legal basis to enjoin the transfer.
 

 Moreover, we can envision no amendment by which plaintiffs can state a cause of action against BESE, based on the RSD’s alleged noncompliance with La. R.S. 17:416.2 A(l), which would entitle plaintiffs to enjoin the transfer of the schools. Pursuant to La. R.S. 17:10.5 and 17:10.7, BESE is granted authority to transfer schools to the RSD. Furthermore, as we stated previously, BESE does not have a statutory duty under La. R.S. 17:416.2 A(l) to provide alternative school
 
 *409
 
 programs for students suspended | inor expelled by the RSD. We find no abuse of the trial court’s sound discretion in its refusal to allow plaintiffs an opportunity to amend their petition, since it would have been futile to do so
 

 For these reasons, the trial court properly sustained the exceptions of lack of jurisdiction and no cause of action as to plaintiffs’ demand for injunctive relief, and did not abuse its discretion in refusing to allow an amendment of the petition.
 
 [3]
 

 DEMAND FOR DECLARATORY JUDGMENT
 

 In their petition, plaintiffs also sought a declaratory judgment declaring three sections of La. R.S. 17:1990 to be unconstitutional, as applied. The trial court held the petition failed to state a cause of action for declaratory judgment as to any of these three claims.
 

 In Louisiana, it is a well-settled principle that statutes are presumed to be constitutional unless fundamental rights, privileges and immunities are involved.
 
 World Trade Center Taxing District v. All Taxpayers, Property Owners,
 
 05-0374, p. 11 (La.6/29/05), 908 So.2d 623, 632. Moreover, unlike the federal constitution, the provisions of our state constitution are not grants of power, but rather are limitations on the otherwise plenary power of the legislature. The legislature may enact any statute that the state constitution does not prohibit.
 
 World Trade Center,
 
 05-0374 at p. 11, 908 So.2d at 632.
 

 | „Accordingly, a party seeking a declaration of unconstitutionality must point to a particular constitutional provision that prohibits the legislature from enacting the statute at issue. It must be shown clearly and convincingly that it was the intent of the constitutional provision to deny the legislature the power to enact the statute in question. When considering a constitutional challenge, the question before the court is whether the constitution limits the legislature, either expressly or impliedly, from enacting that statute in question.
 
 World Trade Center,
 
 05-0374 at p. 12, 908 So.2d at 632.
 

 The first constitutional claim plaintiffs raise in the petition is that La. R.S. 17:1990 B(l)(b) is unconstitutional, as applied. Specifically, plaintiffs allege the RSD’s receipt and retention of an annual Minimum Foundation Program (MFP) allocation that would otherwise be allocated to the EBRP school system, combined with the RSD’s failure to operate an alternative school, violates the requirement of La. Const. Art. VIII, § 13(B) that the EBRP school system receive equitable funding for its students. Plaintiffs further allege an inequity in funding occurs because the DOE has not established “a reimbursement system for the MFP dollars EBR otherwise [loses] to the RSD and does not receive the requisite refund when students leave RSD-operated schools and attend EBR-operated schools.... ” Essentially, plaintiffs complain that the funds do not follow if a student begins the school
 
 *410
 
 year in a RSD school, but later transfers to a school in the EBRP school system.
 

 Louisiana Revised Statutes 17:1990 B(l)(b), which deals with the expenditure of funds received by the RSD, provides that:
 

 The expenditure of funds shall be subject to the requirements of the approved Minimum Foundation Program formula that |i2apply to a city, parish, or other local public school system and shall be subject to audit in the same manner.
 

 Louisiana Constitution Article VIII, § 13(B), the section of the constitution that plaintiffs allege La. R.S. 17:1990 B(l)(b) violates, provides that:
 

 The State Board of Elementary and Secondary Education, or its successor, shall annually develop and adopt a formula which shall be used to determine the cost of a minimum foundation program of education in all public elementary and secondary schools as well as to equitably allocate the funds to parish and city school systems.... The legislature shall annually appropriate funds sufficient to fully fund the current cost to the state of such a program as determined by applying the approved formula in order to insure a minimum foundation of education in all public elementary and secondary schools.... The funds appropriated shall be equitably allocated to parish and city school systems according to the formula as adopted by the State Board of Elementary and Secondary Education, or its successor, and approved by the legislature prior to making the appropriation.... (Emphasis added.)
 

 Our review of the petition reveals it fails to state a cause of action to have La. R.S. 17:1990 B(l)(b) declared unconstitutional. This statutory provision merely provides that the RSD’s expenditure of MFP funds shall be subject to the same requirements applied to local school systems. Moreover, the receipt by the RSD of MFP funds that would otherwise go to the local school board under Article VIII, § 13(B) is authorized by La. Const. Art. VIII, § 3(A), which provides, in pertinent part, that:
 

 The State Board of Elementary and Secondary Education ... shall have the power to supervise, manage, and operate or provide for the supervision, management, and operation of a public elementary or secondary school which has been determined to be failing, including the power to receive, control, and expend state funds appropriated and allocated pursuant to Section 13(B) of this Article, any local contribution required by Section 13 of this Article, and any other local revenue available to a school board with responsibility for a school determined to be failing in amounts that are calculated based on the number of students in attendance in such a school, all in the manner provided by and in accordance with law. (Emphasis added.)
 

 _JjjThis provision grants the right to BESE to receive and expend MFP funds and other local revenues on behalf of failing schools that would otherwise go to the local school system. Further, once BESE has transferred a failing school to the RSD to supervise, manage, and operate there is no inequity in the RSD receiving those funds for that purpose.
 

 We likewise find no merit in the allegation that La. R.S. 17:1990 B(1)(b) is unconstitutional because the DOE allegedly has not set up a system to make funding adjustments in situations where a student leaves a RSD school and begins attending a EBRP school. Further examination of this statute reveals that it delineates in a separate section that the amount to be allocated or transferred to the RSD (including MFP funds and local revenues) shall be estimated or calculated by the
 
 *411
 
 DOE based on the most recent projected student counts. This provision further provides that the “[ajllocations to be transferred shall be adjusted during the year as necessary to reflect actual student counts ....”
 
 See
 
 La. R.S. 17:1990 C(2)(c).
 

 Therefore, the statute challenged by plaintiffs specifically provides a mechanism to address the situation that plaintiffs complain occurs when students leave the RSD and return to the EBRP school system. It places the responsibility for making such adjustments on the DOE. Thus, even accepting as true plaintiffs’ allegation that the DOE has failed to discharge this duty, this fact would not render La. R.S. 17:1990 B(l)(b) unconstitutional. The situation plaintiffs complain of results, not from La. R.S. 17:1990 being unconstitutional, but from DOE’s alleged non-compliance with its statutory duty to make necessary adjustments based on actual student counts. We note that, although the DOE originally was a named defendant, it was dismissed from this suit on plaintiffs’ motion.
 

 114Plaintiffs’ second constitutional claim is that La. R.S. 17:1990 B(4)(a), which grants the RSD the use of the school buildings and facilities transferred to its control while requiring the EBRP school system to be responsible for capital maintenance, violates La. Const. Art. VII, § 14(A), which prohibits the donation or loan of property belonging to the state or its political subdivision. In the petition, plaintiffs allege La. R.S. 17:1990 B(4)(a) requires that the EBRP school system “donate and/or loan them property, both immovable (publieally owned school buildings)
 
 and
 
 movable (their continually paid
 
 ad valorem
 
 property tax dollars) to another governmental entity, which in turn give the things of value to private companies that hold and/or operate ... charters at the respective schools.” (Footnote omitted.) They further allege that, after four EBRP school system schools were transferred to the RSD in 2008, “the Department [of Education] issued charters to privately owned third-parties to manage the day-to-day operation of the four schools, pursuant to which, the third-parties have unfettered use of and access to the buildings, and Petitioners’
 
 ad valorem
 
 and sales tax dollars.... ”
 

 Louisiana Constitution Article VII, § 14(A) provides that:
 

 Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. (Emphasis added.)
 

 Louisiana Revised Statutes 17:1990 B(4)(a) provides that:
 

 The school district shall have the right to use any school building and all facilities and property otherwise part of the school and recognized as part of the facilities or assets of the school prior to its placement in the school district.... Such use shall be unrestricted, except that the school district shall be responsible for and obligated to provide for routine maintenance and repair such that the facilities and property are maintained in as good an order as when the right of use was acquired by the district. There shall be no requirement for the | j r,district to provide for the type of extensive repair to buildings or facilities that would be considered to be a capital expense. Such extensive repairs shall be provided by the governing authority of the city, parish, or other local public school system or other public entity which is responsible for the facility.
 

 The trial court found that the petition did not state a cause of action with respect to this claim, noting that Article VII,
 
 *412
 
 § 14(A) begins with the language, “Except as otherwise provided.” The trial court concluded that La. Const. Art. VIII, § 3(A) constitutes such an exception in that it grants BESE the power to manage and operate failing schools or to provide for the management and operations of those schools. Based on our
 
 de novo
 
 examination of the petition, we agree that it fails to state a cause of action for a declaratory judgment declaring La. R.S. 17:1990 B(4)(a) to be unconstitutional, as applied.
 

 Louisiana Constitution Article VIII, § 3(A) authorizes BESE to supervise, manage and operate failing schools or to provide for their supervision, management, and operation. In instances where BESE has transferred failing schools to the RSD for this purpose, La. R.S. 17:1990 B(4)(a) does not transfer ownership of the school buildings, but merely grants the RSD the right to use the school buildings in order to carry out its charge to supervise, manage and operate those schools. It would be impossible for the RSD to operate the schools without the right to use the school buildings. Thus, allowing the RSD the use of the school buildings is a necessary component in implementing the authority granted to BESE in Article VIII, § 3(A) to provide for the supervision, management, and operation of failing schools. As such, we believe the RSD’s use of the school buildings is authorized by this constitutional provision and provides an exception to the general prohibition against the loan of public property, 11(ieven assuming for the sake of argument that the use of the school buildings could be considered a loan within the contemplation of Article VII, § 14(A).
 

 On the same grounds, we reject plaintiffs’ contention that the use of EBRP
 
 ad valorem
 
 property taxes to operate the RSD schools constitutes a violation of Article VTI, § 14(A). According to Article VIII, § 3(A), BESE’s power to manage and operate a failing school includes the “power to receive, control, and expend state funds appropriated and allocated pursuant to Section 13(B) of this Article, any local contribution required by Section 13 of this Article, and any other local revenue available to a school board ... in amounts that are calculated based on the number of students in attendance in such a school.” Thus, this constitutional provision specifically authorizes the use of the local funds to operate the RSD schools.
 
 [4]
 

 Additionally, we find no merit in plaintiffs’ contention that a conflict exists between the provisions of Article VII, § 14(A) and Article VIII, § 3(A) to the extent that the latter article authorizes BESE to receive local
 
 ad valorem
 
 property taxes for the supervision, management, and operation of failing schools. The provisions of these two articles are not inconsistent. The general prohibition provided in Article VTI, § 14(A) against donations and loans of public property is qualified by the language “[e]xcept as otherwise provided by this constitution.” Thus, these two constructional provisions are reconcilable by their plain terms.
 

 Plaintiffs’ final constitutional claim is that La. R.S. 17:1990 A(l)
 
 &
 
 (2), which relate to the creation of the RSD, are unconstitutional because the | ^legislature violated the express limitations of La. Const. Art. VTII, § 9(A) in creating a
 
 *413
 
 state-wide “school board” or “school district.”
 

 Louisiana Revised Statutes 17:1990(A) provides that:
 

 (1) The Recovery School District, referred to as the “school district” or the “district”, is hereby established to provide an appropriate education for children attending any public elementary or secondary school operated under the jurisdiction and direction of any city, parish, or other local public school board or any other public entity, referred to in this Section as “the prior system”, which has been transferred to its jurisdiction pursuant to R.S. 17:10.5 or 10.7.
 

 (2) The school district shall be administered by the state Department of Education, subject to the approval of the State Board of Elementary and Secondary Education, referred to in this Section as “the state board”.
 

 Article VIII, § 9(A) provides that “[t]he legislature shall create parish school boards and provide for the election of their members.”
 

 In their petition, plaintiffs assert that, “notwithstanding the semantic difference between ‘district’ and ‘board,’ ” the RSD “operates and functions as a state-wide school board.” It further alleges that “the RSD’s actions are an unconstitutional usurpation of local school boards’ control and their tax dollars because the entire creation of the RSD exceeded the express and limited scope of control and/or authority the state Constitution gives the legislature to create entities that have governing and/or managerial control over local public schools.”
 

 Even accepting as true for purposes of BESE’s exception plaintiffs’ allegation that the RSD operates and functions as a statewide school board, the petition fails to state a cause of action as to this claim. As previously noted, the legislature has the power to pass any legislation not prohibited by the constitution.
 
 World Trade Center,
 
 05-0374 at p. 11, 908 So.2d at 632. In this case, while Article VIII, § 9(A) requires that the legislature create parish school boards, it does not prohibit the legislature from creating other 11sschooI boards. Since the constitution did not prohibit it, the creation of the RSD was within the plenary power of the legislature. Therefore, plaintiffs’ petition fails to state a cause of action for declaratory judgment declaring La. R.S. 17:1990 A(l) & (2) to be unconstitutional, as applied.
 

 As previously mentioned, an action should be dismissed under La. C.C.P. art. 934, when the grounds of an objection raised by a preemptory exception cannot be removed by amendment of the petition. In this case, having determined from our
 
 de novo
 
 review that the statutes challenged by plaintiffs are not unconstitutional, as applied, there is no manner in which plaintiffs could amend the petition to state a cause of action for declaratory judgment declaring them to be unconstitutional. Accordingly, the trial court properly dismissed this suit.
 

 Finally, in light of our conclusion that the trial court properly sustained the exceptions of lack of jurisdiction and no cause of action, we pretermit the issue of whether plaintiffs had a right of action to bring this suit.
 

 CONCLUSION
 

 For the reasons assigned, the judgment of the trial court is affirmed. Plaintiffs are to pay all costs of this appeal.
 

 AFFIRMED.
 

 PETTIGREW, J., Concurs.
 

 [1]
 

 . The eight schools are: Capitol Elementary, Capitol Middle, Dalton Elementary, Banks Elementary, Park Elementary, Lanier Elementary, Crestworth Middle, and Kenilworth Middle.
 

 [2]
 

 .
 
 See
 
 La. C.C.P. art. 1880.
 

 [3]
 

 . Plaintiffs also complain that "[ajfter ruling it did not have subject matter jurisdiction, the Trial Court proceeded to address the merits. ..." However, an examination of the record reveals that plaintiffs have misconstrued the trial court’s ruling. The exception of lack of jurisdiction filed by BESE was not directed at the entire case, but solely at plaintiffs’ request for an injunction compelling defen-dams "to construct and independently maintain an alternative school." Further, the written ruling issued by the trial court clearly indicates it did not rule that it totally lacked jurisdiction in this case. Rather, the trial courts’ ruling was limited to finding that it lacked jurisdiction under La. C.C.P. art. 3601 to issue a mandatory injunction compelling BESE to construct an alternative school.
 

 [4]
 

 . We express no opinion as to whether the use of the school buildings by the RSD, as well as the receipt of
 
 ad valorem
 
 property taxes, actually constitutes a "donation” or “loan” of property within the contemplation of La. Const. Art. VII, § 14(A). It is unnecessary for us to reach this issue, in view of our conclusion that La. Const. Art. VIII, § 3(A) would in any event provide an exception to the prohibition of La. Const. Art. VII, § 14(A).