GAIDRY, J.
| aThis appeal is from a judgment denying the plaintiffs’ petition to annul a trial court judgment. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
This matter arises from a petition filed on February 11, 2009, by plaintiffs Mary B. Triplett, Deborah Ross, Pearl Porter, Edwin W. Lee, and Viki Guillot, naming as *751 defendants the Board of Elementary and Secondary Education (“BESE”), the Louisiana Department of Education, and the State of Louisiana,[1] and seeking injunctive and declaratory relief. The plaintiffs sought to enjoin the planned transfer of a number of public schools from the control of the East Baton Rouge Parish School Board to the Recovery School District until an alternative school for suspended or expelled students could be established and also sought a declaratory judgment that a number of statutes relating to the creation and operation of the Recovery School District are unconstitutional as applied to the plaintiffs.[2]
The defendants filed an exception of lack of subject matter jurisdiction, citing La. C.C.P. art. 3601, which provides in pertinent part:
[N]o court shall have jurisdiction to issue ... [an] injunction against any state department, board, or agency ... in any suit involving the expenditure of public funds under any statute or law of this state to compel the expenditure of state funds when the director of such department, board, or agency or the governor shall certify that the expenditure of such funds would have the effect of creating a deficit in the funds of said agency.
In conjunction with this exception, the defendants submitted affidavits from the Superintendent of the Department of Education and the President of BESE stating that there was no money in their budgets set aside for constructing or maintaining an alternative school and that the injunction | ^requested by the petition, compelling them to construct and maintain an alternative school, would create a deficit in their budgets. The defendants also filed exeep-tions of no cause of action, no right of action, and failure to join an indispensable party. The trial court sustained the exceptions of lack of subject matter jurisdiction, no cause of action, and no right of action, and dismissed the plaintiffs’ suit with prejudice.
Plaintiffs appealed the trial court judgment sustaining the exceptions and dismissing their suit. Among other arguments, plaintiffs asserted on appeal that the trial court erred in addressing the merits of the constitutional claims once it ruled that it lacked subject matter jurisdiction over the suit. While the matter was pending on appeal, plaintiffs filed a petition to annul the trial court judgment, claiming that the judgment was absolutely null since the court ruled that it lacked subject matter jurisdiction over the case. In dismissing the plaintiffs’ petition to annul the judgment, the court explained:
After a review of the law and argument of the parties, the court finds that its action in ruling on both the exception of lack of subject matter jurisdiction and the rulings on the exceptions were [sic] correct and proper. As noted by the court in its ruling, its finding on the lack of subject matter jurisdiction pertained to the injunctive relief requested by the plaintiffs. It did not pertain in any way to the requested declaratory relief. There were two separate requests for relief requested by the parties: an injunction seeking immediate relief and a declaratory judgment seeking a declaration of unconstitutionality. It was determined by the court that the injunctive relief requested was not proper because of CCP 3601(A). It then moved on to the second part of the lawsuit and found *752 that the party plaintiffs were not of a class who could seek such relief and that the petition did not state a cause of action.
Plaintiffs have now appealed the trial court’s dismissal of their petition to annul the judgment.
DISCUSSION
An action to annul a judgment must be brought in the trial court, even though the judgment sought to be annulled has been affirmed on appeal. La. C.C.P. art. 2006. A final judgment shall be annulled if it is rendered by a court that lacks jurisdiction over the subject matter of the suit. La. C.C.P. art. 2002(A)(3).
This court has already addressed the plaintiffs’ argument which forms the basis for their petition to annul the judgment, ie., that the court could not rule on any of the remaining exceptions once it determined that it lacked subject matter jurisdiction, in plaintiffs’ appeal of the judgment dismissing their suit. In the original appeal, we found that the plaintiffs misconstrued the trial court’s ruling and that the trial court’s finding that it lacked jurisdiction under La. C.C.P. art. 3601 was limited to the request that it issue a mandatory injunction compelling the construction of an alternative school. The trial court did not rule that it lacked jurisdiction over the plaintiffs’ request for declaratory relief.[3]
Since we have already held that the trial court did not lack jurisdiction over the subject matter of the suit, but rather merely lacked jurisdiction to grant the mandatory injunction sought by plaintiffs, the trial court did not err in refusing to annul the judgment. Plaintiffs’ assignment of error is without merit.
DECREE
The judgment of the trial court dismissing plaintiffs’ petition to annul judgment is affirmed. Costs of this appeal are to be borne by the plaintiffs.
AFFIRMED.

. This appeal involves only plaintiffs' claims against BESE.

. The facts of this matter are more fully set forth in a prior opinion of this court. See Triplett v. BESE, 09-0691 (La.App. 1 Cir. 7/13/09); 21 So.3d 401.

. Triplett v. BESE, 09-0691 at p. 10 n. 3, 21 So.3d at 409 n. 3.